[No. C052423. Third Dist. Oct. 2, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
VINCENT MONTERO, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION***]**

---

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts III through VI.

**COUNSEL**

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Mary Jo Graves, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, John G. McLean and George M. Hendrickson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**NICHOLSON, Acting P. J.**—A jury convicted defendant Vincent Montero of possession of methamphetamine for sale (Health & Saf. Code, § 11378). The trial court also determined that defendant had previously been convicted of a serious felony (first degree burglary) and had served two prison terms. (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, 667.5, subd. (b).)[1] The court sentenced defendant to a state prison term totaling six years: the doubled two-year middle term plus one year for each of the two prior prison terms.

Defendant appeals, alleging the following grounds for reversal:

(1) The use of Judicial Council of California Criminal Jury Instructions (2006–2007) CALCRIM No. 2302, regarding possession for sale, omitted essential elements of that crime;

(2) The court erred in failing to give additional instructions in response to the jury's request for clarification on the elements of possession for sale;

---

[1] Hereafter, undesignated section references are to the Penal Code.

(3) The court erred in refusing defendant's proposed pinpoint instructions on constructive possession;

(4) The cumulative effect of instructional errors denied defendant a fair trial;

(5) Insufficient evidence supported defendant's conviction of possessing methamphetamine for sale; and

(6) Insufficient evidence supported the determination that defendant's prior burglary conviction qualified as a serious felony.

We disagree with each of defendant's contentions and affirm the judgment.

FACTS

Sacramento County sheriff's deputies conducted a parole search of a residence and a detached garage on the property. The residence did not belong to defendant. The door to the garage was slightly opened, and officers could see a large male behind the door. They opened the door and saw two other males in the garage, one of whom was defendant standing toward the rear of the building. The officers directed the men to come out of the garage and get on the ground.

Detective Stephen Buccellato took control of defendant. Buccellato determined defendant was on parole, and he performed a parole search on him. The detective found a small Ziploc bag, about one-inch square, containing .99 grams of crystal methamphetamine in defendant's pocket. He found other identically sized empty Ziploc bags on defendant. Buccellato also found $483 in cash on defendant, consisting of one $100 bill, fifteen $20 bills, three $10 bills, eight $5 bills and thirteen $1 bills.

Inside defendant's wallet, Buccellato found a "pay/owe sheet," one and one-half inches square, with the writing, "August 22nd of 005 $40 Jr," "August 23rd," followed by illegible writing, and a dollar sign with no other notation. He found 11 similarly sized blank sheets of paper on defendant. He also found an ATM card and a bank slip bearing defendant's name and showing a $2,800 disbursement. Buccellato read defendant his rights.

Inside the garage, deputies found drugs and drug paraphernalia. Searching in the rear of the garage where defendant was first seen, deputies located a cigarette pack containing three baggies of methamphetamine weighing 1.16, 1.28 and .13 grams, packaged in the same type of small Ziploc bags found on defendant. The cigarette pack and its contents were found near a cellular telephone defendant said was his. In the same area as the cigarette pack and the phone, deputies found a baggie containing two small Ziploc bags of methamphetamine, weighing .14 grams each, and a piece of yellow lined paper with the notation "$20" followed by some writing.

Also near the cigarette pack, deputies found another small Ziploc bag containing a price tag and residue of apparent methamphetamine. They also found a larger green package of methamphetamine weighing 3.14 grams, a methamphetamine smoking pipe, an electronic scale, and a second, nondigital scale.

In other locations in the garage, deputies found a small bag of methamphetamine weighing .11 grams, and two packages of methamphetamine weighing 3.10 grams and 2.92 grams.

Detective Sean Berry again informed defendant of his rights. Defendant told Berry that the drugs in his pockets belonged to him but the drugs in the garage did not. He said he used drugs but he did not sell them. Defendant said he had used methamphetamine that morning.

The prosecution's expert witness testified that in his opinion, based on the totality of the evidence, the methamphetamine found in defendant's pocket was possessed for the purpose of sale.

We will provide additional facts as necessary.

## DISCUSSION

### I

### *CALCRIM No. 2302*

Defendant claims CALCRIM No. 2302 erroneously omits the elements of "dominion and control" and the "knowing exercise of control" from its definition of possessing methamphetamine for sale. We disagree.

Witkin summarizes the common elements of all drug possession offenses as follows:

"(a) A specified controlled substance, in a sufficient quantity . . . and in a usable form . . . .

"(b) Possession, which may be physical or constructive, exclusive or joint . . . .

"(c) Knowledge of the fact of possession and of the illegal character of the substance . . . ." (2 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Crimes Against Public Peace and Welfare, § 82, p. 592, citations omitted.)

The crime of possession for sale contains the additional element of proof of a specific intent to sell the substance . . . . (2 Witkin & Epstein, *supra*, Crimes Against Public Peace and Welfare, § 82, p. 592.) (See *In re Christopher B.* (1990) 219 Cal.App.3d 455, 466 [268 Cal.Rptr. 8].)

CALCRIM No. 2302 adequately captures and conveys each of these elements to the jury. As given by the trial court, the instruction reads:

"The defendant is charged with possession for sale of methamphetamine, a controlled substance.

"To prove that the defendant is guilty of this crime, the People must prove that:

"1. The defendant possessed a controlled substance;

"2. The defendant knew of its presence;

"3. The defendant knew of the substance's nature as a controlled substance;

"4. When the defendant possessed the controlled substance, he intended to sell it;

"5. The controlled substance was methamphetamine;

"AND

"6. The controlled substance was in a usable amount. [¶] . . . [¶]

"A person does not have to actually hold or touch something, to possess it. It is enough if the person has control over it or the right to control it, either personally or through another person."

Defendant faults the instruction for not requiring the jury to find that the defendant knowingly exercised control and for not using the phrase "dominion and control" as part of the possession element. Both points are meritless.

The instruction correctly expresses the knowledge requirement. Two kinds of knowledge are required: "knowledge of the fact of possession," and "knowledge of the character of the thing possessed." (2 Witkin & Epstein, *supra*, Crimes Against Public Peace and Welfare, § 90, p. 602.) Repeating these elements, the instruction requires the jury to find that the defendant knew of the substance's presence, and that he also knew the substance was a controlled substance. No knowledge of additional possession or control was required.

The instruction also correctly restates the possession requirement. Many courts have long stated this requirement as a showing that a defendant exercised dominion and control over the controlled substance. (See, e.g., *People v. Palaschak* (1995) 9 Cal.4th 1236, 1242 [40 Cal.Rptr.2d 722, 893 P.2d 717] ["essential elements of possession of a controlled substance are 'dominion and control of the substance in a quantity usable for consumption or sale, with knowledge of its presence and of its restricted dangerous drug character.' "]; *People v. Parra* (1999) 70 Cal.App.4th 222, 225–226 [82 Cal.Rptr.2d 541] ["prosecution must prove beyond a reasonable doubt that (1) the defendant exercised dominion and control over the controlled substance . . ."].)

This phrase is merely a different way of saying the defendant possessed the substance physically or constructively. Our Supreme Court has approved this summary of the elements of simple possession, a formula that does not contain the phrase "dominion and control": " 'The defendant exercised

control over the narcotics, he or she knew of its nature and presence, and possessed a usable amount. (CALJIC No. 12.00.)' " (*People v. Martin* (2001) 25 Cal.4th 1180, 1191 [108 Cal.Rptr.2d 599, 25 P.3d 1081], quoting *People v. Spry* (1997) 58 Cal.App.4th 1345, 1369 [68 Cal.Rptr.2d 691].) CALJIC No. 12.00, the predecessor to CALCRIM No. 2302, also does not contain the phrase "dominion and control," but the Supreme Court nonetheless declared the instruction "accurately restated the law." (*People v. Morales* (2001) 25 Cal.4th 34, 47–48 [104 Cal.Rptr.2d 582, 18 P.3d 11].)[2]

The phrase itself is redundant and archaic. The word "dominion" is defined as "Control; possession" (Black's Law Dict. (8th ed. 2004) p. 525); or "rule; control; domination." (Random House Dict. of the English Language (2d ed. 1987) p. 582.) To "dominate" is "to rule over; govern; control." (*Ibid.*) The authors of CALCRIM No. 2302 were instructed to develop instructions that were legally accurate, understandable to the average juror, and written in plain English. (Preface to Judicial Council of Cal. Crim. Jury Instns. (2006–2007) p. ix.) They wisely decided not to perpetuate the redundancy. They did so by omitting the phrase in the instruction.

CALCRIM No. 2302 captures all of the elements of the crime of possession for sale. It correctly states the elements of possession and knowledge in a manner reasonable jurors are able to understand. The trial court committed no error in giving the instruction to the jury.

---

[2] CALJIC No. 12.00 reads:

"[Defendant is accused in [Count[s] __] of having committed the crime of illegal possession of a controlled substance, a violation of § ___ of the Health and Safety Code.]

"Every person who possesses [(controlled substance)], a controlled substance, is guilty of a violation of Health and Safety Code § ___, a crime.

"There are two kinds of possession: actual possession and constructive possession.

" 'Actual possession' requires that a person knowingly exercise direct physical control over a thing.

" 'Constructive possession' does not require actual possession but does require that a person knowingly exercise control over or the right to control a thing, either directly or through another person or persons.

"[One person may have possession alone, or two or more persons together may share actual or constructive possession.]

"In order to prove this crime, each of the following elements must be proved:

"1. A person exercised control over or the right to control an amount of [(controlled substance)], a controlled substance;

"2. That person knew of its presence;

"3. That person knew of its nature as a controlled substance; and

"4. The substance was in an amount sufficient to be used as a controlled substance."

## II

### *Refusal to Give Clarifying Instructions*

Defendant claims the court erred by not providing a response to a jury question as to the meaning and application of the element of control other than to direct the jury to reread CALCRIM No. 2302. We conclude the court did not abuse its discretion.

### A. *Additional background information*

During deliberations, the jury forwarded the following request to the trial court: "Clarification on possession: [¶] We have read the last two paragraphs of [CALCRIM No. 2302] and still need clarification:

"How do we evaluate the idea of 'control'? Is it enough that [defendant] was in the same room as excessive amounts of drugs, scales ect [*sic*] that are in plain precence [*sic*] or tucked-away; is it enough to say that he was indeed in 'control' and in possession of these items?"

The court responded: "In response to your question, 'How do we evaluate the idea of "control?" ': It is for the jury to decide.

"In response to your question, 'Is it enough that [defendant] was in the same room as excessive amounts of drugs, scales ect [*sic*] that are in plain precence [*sic*] or tucked-away; is it enough to say that he was indeed in "control" and in possession of these items?': It is also for the jury to decide.

"Please reread instruction # 2302 [CALCRIM No. 2302] in this regard."

After deliberating further, the jury informed the court it was unable to reach a unanimous verdict on the possession for sale count. However, it had unanimously reached a verdict on the lesser included offense of simple possession. The jury asked if it could convict on the lesser charge yet remain deadlocked on the possession for sale count. The court told the jury it could not, and it instructed the jury to reread CALCRIM No. 3518 on the process for convicting on a lesser included offense. The jury later convicted defendant of possession for sale.

After the trial's conclusion, the court set forth on the record its reasons for responding to the jury's request for clarification as it did. The court explained that upon receiving the request, it consulted with counsel and interpreted the two questions as seeking "how to go about evaluating the idea of control as to the first question and, secondly, a sufficiency of the evidence question on

the second one. So the Court was—did not read this request for clarification as a request to clarify a jury instruction, but rather, a request as to how they should deliberate or how they should go about their deliberations."

The court believed that with these questions, "the jury was disclosing their internal deliberations, which they shouldn't do anyway, but especially the second part of that where they gave a fact pattern and asked if that was enough. So it appeared to me that this question was inappropriately asking the Court to assist them in their substantive deliberations and, again, was not a request for a clarification of the instruction on possession."

B. *Analysis*

█ The jury's request for further clarification triggered section 1138. The statute provides in part: "After the jury have retired for deliberation, . . . if they desire to be informed on any point of law arising in the case, they must require the officer to conduct them into court. Upon being brought into court, the information required must be given . . . ." (§ 1138.) "This means the trial 'court has a primary duty to help the jury understand the legal principles it is asked to apply. [Citation.] This does not mean the court must always elaborate on the standard instructions. Where the original instructions are themselves full and complete, the court has discretion under section 1138 to determine what additional explanations are sufficient to satisfy the jury's request for information. [Citation.] Indeed, comments diverging from the standard are often risky. [Citation.]' (*People v. Beardslee* (1991) 53 Cal.3d 68, 97 [279 Cal.Rptr. 276, 806 P.2d 1311].) However, '[a] definition of a commonly used term may nevertheless be required if the jury exhibits confusion over the term's meaning. [Citation.]' (5 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Criminal Trial, § 633, p. 906.)" (*People v. Solis* (2001) 90 Cal.App.4th 1002, 1015 [109 Cal.Rptr.2d 464].)

Here, the court did not abuse its discretion in directing the jury to reread CALCRIM No. 2302 as to the meaning of the element of control and how to apply it. The instruction explains to the jury the concept of control. It states the jury must determine that the defendant possessed a controlled substance. It also explains that the defendant did not have to actually hold or touch something (actual possession) to possess it: "It is enough if the person has control over it or the right to control it, either personally or through another person."

█ Defendant complains the instruction did not inform the jury of the concept of constructive possession as CALJIC No. 12.00 did. We disagree. CALCRIM No. 2302 states a person need not be in physical possession of the substance, and he can be found guilty if he has control or the right of control

over it. Thus, without using the phrase "constructive possession," the instruction adequately explained the concept.

Defendant faults the instruction for not elaborating on the issue of proximity to the substance. The instruction did not have to offer more than it already did. The instruction requires the defendant to have control over the substance. Under this language, the jury could not find defendant guilty simply due to his proximity to the substance. No reasonable juror would have believed that proximity alone equaled control.

Defendant asserts the jury's subsequent deadlock on the possession for sale count and its request to convict on simple possession demonstrates the court's response failed to aid the jury in determining possession or control. To the contrary, the jury's determination to convict defendant on simple possession demonstrates the jury had resolved the element of control and remained deadlocked only on the element of intent to sell.

We agree with the trial court that any detailed response to the question would have thrust the court into the jury's role of deliberating whether defendant had controlled the substances. "When a question shows the jury has focused on a particular issue, or is leaning in a certain direction, the court must not appear to be an advocate, either endorsing or redirecting the jury's inclination." (*People v. Moore* (1996) 44 Cal.App.4th 1323, 1331 [52 Cal.Rptr.2d 256].) The court's direction to reread CALCRIM No. 2302 as well as CALCRIM No. 3518 kept the court out of the jury's deliberating role, while at the same time provided the jury with the complete information it needed to convict on the crimes of possession for sale or, alternatively, simple possession. The court did not abuse its discretion in refusing to provide additional instruction.

III–VI*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 1170.

## DISPOSITION

The judgment is affirmed.

Morrison, J., and Cantil-Sakauye, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 16, 2008, S157948.