Filed 1/14/14  P. v. Harris CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062783 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD226968) |
| CURTIS HARRIS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, George W. Clarke, Judge.  Affirmed as modified.

Robert Booher, under appointment by the Court of Appeal for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Jennifer B. Truong, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Curtis Harris of assault by means of force likely to cause great bodily injury and battery with serious bodily injury.  The trial court sentenced him to 14

years in prison. Harris appeals, contending he received ineffective assistance when counsel failed to advocate for the court to instruct the jury that emotional trauma does not constitute "serious bodily injury" in response to a jury note. He also contends the trial court violated its instructional duty under Penal Code section 1138 and his due process rights by failing to provide a proper response to the jury's question regarding whether psychological harm could constitute serious bodily injury. (Undesignated statutory references are to the Penal Code.) We reject his contentions.

Harris also asserts, the Attorney General concedes, and we agree, that the trial court orally imposed a section 1202.4 restitution fine in the amount of $3,360, but that the abstract of judgment incorrectly lists the fine as $33,660. Accordingly, we order the abstract of judgment modified to reflect the trial court's oral pronouncement. (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1324.)

FACTUAL AND PROCEDURAL BACKGROUND

While at a party, Harris punched Jodi Tannehill in the face, causing her to fall to the floor. While Tannehill was unconscious on the floor, Harris poured beer on her, unzipped his pants and urinated on her. The emergency doctor who treated Tannehill after the attack testified that she suffered a hematoma (bleeding under the skin) on her forehead and an abrasion and bruising on the front of her head. He diagnosed her with a closed-head injury, an abrasion, and possible "GHB" poisoning. The doctor explained that a "closed-head injury" is commonly referred to as a "concussion."

Tannehill testified that her injuries remained black, blue and painful for several weeks. As a result, she could not bite or chew and ate only soft foods. The bump on her

2

head lasted for three to five months, and she had to have blood drained from her head twice after the attack. She suffered daily headaches for several months. Because of her headaches and the treatment, she had to take time off from school. She also suffered panic attacks that affected her ability to work as a hairdresser.

During deliberations, the jury sent a note requesting a "clearer definition of 'battery causing serious bodily injury.' Does that include emotional suffering, such as inability to perform job duties due to the emotional trauma caused by an injury?" Upon stipulation of the parties, the court responded, "The definition of 'serious bodily injury' is contained in Instruction 925, the final paragraph." The relevant portion of CALCRIM No. 925 instructed the jury: "A *serious bodily injury* means a serious impairment of physical condition. Such an injury may include, but is not limited to: . . . loss of consciousness/concussion/bone fracture/protracted loss or impairment of function of any bodily member or organ." Twenty minutes later, the jury found Harris guilty.

(As an aside, we note that the opening brief contains a myriad of details that are not helpful as they do not relate to the issues on appeal.)

DISCUSSION

Harris first argues that his convictions must be reversed because he was denied his Sixth Amendment right to effective representation where his attorney failed to advocate for the court to instruct the jury that emotional trauma does not constitute "serious bodily injury." Had the jury been properly instructed, he claims there is a reasonable probability it would have returned with a more favorable verdict. He next contends that the trial court violated its instructional duty under section 1138 and his due process rights by

3

failing to provide a proper response to the jury's question. As we shall explain, Harris forfeited any claim of error by failing to object below to the trial court's response to the jury's question. Because we conclude the court did not err by referring the jurors back to the already-given instructions, the failure to object or request a different response did not constitute ineffective assistance of counsel.

"A defendant may forfeit an objection to the court's response to a jury inquiry through counsel's consent, or invitation or tacit approval of, that response." (*People v. Ross* (2007) 155 Cal.App.4th 1033, 1048.) Thus, Harris waived any objection because his counsel stipulated to the response. Even if we overlook defense counsel's failure to object or request a different response, Harris's claims have no merit.

Under section 1138, a trial court is required to provide information requested by a jury concerning any point of law arising in the case. (*People v. Beardslee* (1991) 53 Cal.3d 68, 97.) "This does not mean the court must always elaborate on the standard instructions. Where the original instructions are themselves full and complete, the court has discretion under section 1138 to determine what additional explanations are sufficient to satisfy the jury's request for information. [Citation.] Indeed, comments diverging from the standard are often risky." (*Ibid.*) Here, Harris does not argue that the original instructions were not "full and complete." Accordingly, the abuse of discretion standard of review applies to the trial court's decision about how to respond to the jury's question. (See *People v. Montero* (2007) 155 Cal.App.4th 1170, 1179-1180.)

Here, the jury questioned whether Tannehill's emotional suffering supported the charge of battery causing serious bodily injury. The trial court did not abuse its

4

discretion by referring the jurors back to the instructions which told the jurors that "*serious bodily injury* means a serious impairment of *physical* condition" and that such an injury may include loss of consciousness or a concussion. The original instructions were full and complete and there was no abuse of discretion in refusing to provide further instruction. (*People v. Gonzalez* (1990) 51 Cal.3d 1179, 1212.)

For the same reasons, we reject defendant's alternative ineffective assistance argument. To establish ineffective assistance of counsel, Harris must show, by a preponderance of the evidence, that his counsel's representation fell below the standard of a competent advocate and a reasonable probability exists that, but for counsel's errors, the result would have been different. (*People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.) A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. (*People v. Bolin* (1998) 18 Cal.4th 297, 333.)

The record suggests defense counsel may not have objected to the court's proposed response to the jury's question because the court properly referred the jury to the correct instruction. (*People v. Ochoa* (2011) 191 Cal.App.4th 664, 674, fn. 8 ["Defense counsel does not render ineffective assistance by declining to raise meritless objections."].) Even assuming, without deciding, that counsel was ineffective for not proposing an alternative response, Harris failed to establish that, absent counsel's assumed error, it was reasonably probable that the verdict would have been more favorable to him. Tannehill suffered a loss of consciousness after the attack and was diagnosed with a "closed-head injury" which is the same as a "concussion." Thus, even if the court had explicitly told the jury

5

that emotional suffering is not a serious bodily injury, it is not reasonably probable the jury would have acquitted Harris.

## DISPOSITION

The judgment is modified by reducing the section 1202.4, subdivision (b) restitution fine imposed by the trial court from $33,660 to $3,360 and, as modified, the judgment is affirmed. The trial court is directed to forward to the Department of Corrections an amended abstract of judgment reflecting the above modification.

McINTYRE, J.

WE CONCUR:

McCONNELL, P. J.

HUFFMAN, J.

6