Filed 8/12/14  P. v. Prieto-Esparza CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>RUBEN PRIETO-ESPARZA,<br><br>    Defendant and Appellant. | C075088<br><br>(Super. Ct. No. 13F4528) |

In a search of defendant Ruben Prieto-Esparza's person and vehicle following a traffic stop, officers found, among other things, a firearm and methamphetamine.  After defendant pleaded no contest to driving without a license, a jury found him guilty of possession of a controlled substance, transportation of a controlled substance, and carrying a concealed firearm in a vehicle.  But the jury found defendant not guilty of possession of a controlled substance for sale.

1

Health and Safety Code section 11379 criminalizes the transportation of specified controlled substances including methamphetamine. Courts had interpreted the word "transport" in former versions of that statute to include transportation of controlled substances for personal use. (*People v. Rogers* (1971) 5 Cal.3d 129, 134-135; *People v. Eastman* (1993) 13 Cal.App.4th 668, 673-677.) However, effective January 1, 2014, the Legislature amended Health and Safety Code section 11379 to define "transports" as "transport for sale." (Health & Saf. Code, § 11379, subd. (c).)[1]

Defendant now contends that because the judgment in this case is not yet final, the amendment to section 11379 applies retroactively to him. And because the jury found him not guilty of possession for sale, his conviction for transportation of a controlled substance must be reversed. The Attorney General agrees, and so do we.

We will reverse defendant's conviction for transportation of a controlled substance.

## BACKGROUND

California Highway Patrol Officer Jason Smith conducted a traffic stop of a truck driven by defendant in excess of the posted speed limit. Officer Smith lawfully searched defendant and found $760 in $20 bills in defendant's pockets. Officer Smith, in conjunction with Officer Ryan Ellis of the Redding Police Department, also searched defendant's vehicle. In it, they located 28 live rounds of .357 Magnum ammunition behind the passenger's seat, another six rounds of the same ammunition in the driver's side door, an unloaded .357 Magnum revolver in the center console, and a single plastic baggie containing 3.05 grams of methamphetamine next to the center console. A common dose of methamphetamine is 0.10 grams.

---

[1] Undesignated statutory references are to the Health and Safety Code.

The officers searched the rest of the truck but did not find any contraband used for the consumption of methamphetamine. They did not believe defendant was under the influence of methamphetamine. In addition, the officers did not find any scales, pay/owe sheets or packaging materials that could evidence drug sales.

At trial, Officer Ellis opined that the relatively large quantity of methamphetamine, the gun, the money in relatively small denominations, the absence of consumption devices, and the fact defendant was not under the influence of the drug indicated that defendant possessed the methamphetamine for the purpose of selling it.

Prior to trial, defendant pleaded no contest to driving without a license (Veh. Code, § 12500, subd. (a) -- count 5). A jury subsequently found him guilty of possession of a controlled substance (§ 11377, subd. (a) -- count 1), transportation of a controlled substance (former § 11379, subd. (a) -- count 3), and carrying a concealed firearm in a vehicle (Pen. Code, § 25400, subd. (a)(1) -- count 4). But the jury found defendant not guilty of possession of a controlled substance for sale (§ 11378 -- count 2).

The trial court suspended imposition of sentence and placed defendant on probation with various terms and conditions, including 270 days in county jail. The trial court awarded 209 days of presentence credit and ordered defendant to pay specified fines and fees.

DISCUSSION

Defendant contends that pursuant to *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), the recent amendment to section 11379 should be applied retroactively to his conviction for transportation of a controlled substance. He argues that because section 11379 now requires transportation for sale, and the jury found him not guilty of possessing the methamphetamine for sale, his transportation conviction must be reversed.

"[W]here the amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed" if the amended statute takes effect before the judgment of

3

conviction becomes final.  (*Estrada, supra,* 63 Cal.2d at pp. 744, 748.)  The rule articulated in *Estrada* applies to amendments which add to the elements of a crime or enhancement.  (*People v. Vinson* (2011) 193 Cal.App.4th 1190, 1197-1199; *People v. Todd* (1994) 30 Cal.App.4th 1724, 1728-1730; *People v. Figueroa* (1993) 20 Cal.App.4th 65, 68.)

Here, the parties agree the judgment is not final and that the amendment should be applied retroactively as there is no saving clause or other indication the Legislature intended the amendment to be applied prospectively only.  Under *Estrada*, defendant is entitled to the benefit of the amendment to Health and Safety Code section 11379.  (*People v. Vinson, supra,* 193 Cal.App.4th at pp. 1197-1199; *People v. Todd, supra,* 30 Cal.App.4th at pp. 1728-1730; *People v. Figueroa, supra,* 20 Cal.App.4th at p. 68.)

Among other things, section 11379 provides that any person who "transports" specified controlled substances including methamphetamine shall be punished by imprisonment.  (§ 11379 [and its predecessor version, Stats. 2001, ch. 841, § 7, pp. 6870-6871].)  But as we have explained, the Legislature recently amended section 11379 to define "transports" as transport for sale.  (§ 11379, subd. (c); Stats. 2013, ch. 504, § 2.)  The amendment took effect on January 1, 2014, after defendant's conviction.  According to the author of the bill amending the statute, the purpose of the amendment was to limit felony drug transportation charges to individuals involved in drug trafficking.  (Assem. Com. on Public Safety, Rep. on Assem. Bill No. 721 (2013-2014 Reg. Sess.) Apr. 15, 2013, coms.)  The amendment makes it " 'expressly clear that a person charged with this felony must be in possession of drugs with the intent to sell.  Under [the amendment], a person in possession of drugs ONLY for personal use would remain eligible for drug possession charges.  However, personal use of drugs would no longer be eligible for a SECOND felony charge for transportation.' "  (*Ibid*.)  The amendment benefits a defendant by requiring proof of an additional element -- intent to sell -- for a felony drug

4

transportation conviction, and by eliminating criminal liability for drug transportation in cases involving possession for personal use.

On count 2, the jury found defendant not guilty of possession of a controlled substance for sale. That verdict resolved whether defendant intended to sell the methamphetamine found in his vehicle. (*People v. Montero* (2007) 155 Cal.App.4th 1170, 1175 [intent to sell is an element of the crime of possession for sale].) Accordingly, we must reverse the conviction on count 3, and defendant may not be retried on the count 3 charge for transportation of a controlled substance because the jury found the prosecution failed to prove he possessed the methamphetamine for sale.

The Attorney General agrees that the count 3 conviction must be reversed, but urges us to remand the case for resentencing. The Attorney General asserts that because the trial court "imposed" sentence on count 3 and utilized that sentence as the base term, reversal of the count 3 conviction requires resentencing. But the trial court expressly stated that it suspended imposition of sentence and ordered defendant to probation. "When the trial court suspends imposition of sentence, no judgment is then pending against the probationer, who is subject only to the terms and conditions of the probation. [Citations.] The probation order is considered to be a final judgment only for the 'limited purpose of taking an appeal therefrom.' [Citation.]" (*People v. Howard* (1997) 16 Cal.4th 1081, 1087.) While defendant may appeal from his conviction based on the

5

order of probation, no sentence has been imposed in this case, and there is no need to remand for resentencing.

## DISPOSITION

The judgment is reversed as to the conviction on count 3 for transportation of a controlled substance.

                                                                 MAURO             , J.

We concur:

                    BLEASE             , Acting P. J.

                    NICHOLSON        , J.