Filed 12/15/21  P. v. Vierra CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C093196 |
| Plaintiff and Respondent, | (Super. Ct. No. 17F4853) |
| v. | |
| MICHAEL DOUGLAS VIERRA, | |
| Defendant and Appellant. | |

A jury found defendant Michael Douglas Vierra guilty of possession of a firearm by a felon and receiving stolen property.  Defendant argues the trial court erred because it failed to inform the jury that mere proximity and access to the firearm was not enough to show defendant possessed a firearm.  Further, defendant claims the instructions given did not require the jury to find that he knowingly possessed the firearm.  Defendant further argues his attorney rendered ineffective assistance of counsel because he did not request the proximity instruction.  We shall affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

When Debbie W. returned home from work, she noticed her garage door was open. When she entered the garage, she saw that her gun safe was missing. Debbie's daughter, Angela F., kept four registered firearms in her mother's gun safe. In all, the gun safe contained six firearms when it was taken. Debbie went into her house and found it had been ransacked. Debbie testified a carpet, some jewelry, and other miscellaneous items were missing. A seventh firearm, which was kept in the house, had also been taken.

Dustin G. was Angela's boyfriend. Debbie told Dustin about the burglary. Dustin asked his friend, Filipe D., to ask around about any guns for sale. Dustin had known defendant for many years, as defendant was a childhood friend of Dustin's brother.

At the time, defendant was living in the garage of a house that belonged to his grandmother on Victor Street.

The next day, Dustin and Filipe went to the Victor Street garage. Dustin knocked on the door. When no one answered the door, Dustin looked into a window of the garage. Dustin saw the gun safe on the floor and the carpet that was taken from Debbie's home. He banged on the door again. Defendant opened the door.

Dustin told defendant he knew the stolen property was in the garage because he could see it. Defendant said he did not want the police involved and Dustin said he would not call them. Dustin told defendant he was taking the stolen property back.

Dustin and Filipe went into the garage and defendant started gathering things. Defendant apologized to Dustin and said he had no idea Dustin or his family was involved and that he did not bring the stuff to the garage. Defendant was taking things down from shelves, out of his pockets, and out of the car in the garage. Defendant directed Dustin and Filipe to where things were located. Dustin and Filipe put the stolen items into a large black duffel bag. Defendant handed Dustin jewelry and other items, but as to the firearms, he just pointed them out and Filipe loaded them into the black bag.

2

Defendant went to the trunk of the car in the garage, opened it, and pointed out a rifle. Filipe gathered up the rifle. Dustin did not see defendant touch any of the firearms.

Dustin called Debbie. Dustin told her the stolen firearms were located at the Victor Street garage. Dustin directed Debbie to call the police and meet him at the address. Debbie called the police and then went over to the garage to retrieve her belongings with her boyfriend, Lee B.

When Debbie and Lee arrived, defendant, Dustin, and Filipe were present. Debbie and Lee went into the garage. Debbie saw a car, a bed, and her gun safe in the garage. The gun safe was lying on its side and the bottom had been removed by a torch. Debbie also saw her carpet. Dustin told Debbie the guns were in a duffel bag and she should take them, and he handed her a purse with the jewelry. Debbie took the duffel bag and purse and left. She heard defendant say he knew one of the guns had been sold. Defendant also asked if Lee would haul the safe from the garage.

Debbie did not see defendant touch the duffel bag full of guns, or any firearms, while she was at the garage. She inspected the duffel bag and purse when she got home. In it, she found four of the seven stolen firearms. She found her missing jewelry in the purse.

During the subsequent investigation, defendant told the investigating officer that Peter D. had brought a bag of firearms and jewelry to the garage. Defendant claimed that Peter told him he received the guns from an auction and wanted to store the bag there.

The parties stipulated defendant was a convicted felon. The jury found defendant guilty of possession of a firearm by a felon (Pen. Code, § 29800, subd. (a); count 1)[1] and receiving stolen property (§ 496; count 2). Defendant admitted the charged enhancement that he had been convicted of a serious or violent felony of burglary in 2011.

---

[1]     Undesignated statutory references are to the Penal Code.

(§ 1170.12.) The trial court struck the prior strike allegation and sentenced defendant to two years in prison.

DISCUSSION

Defendant contends the trial court erred because it failed to instruct sua sponte that his mere proximity to the firearms or opportunity to access them, standing alone, was not sufficient evidence of possession, and the instruction given failed to state defendant had to knowingly exercise control over the firearms. We disagree. We further reject his argument that he received ineffective assistance of counsel.

A.      *Forfeiture*

Generally, a defendant who believes that an instruction is erroneous or requires clarification must request correction or clarification of the instruction to avoid forfeiting the issue on appeal. (*People v. Carrington* (2009) 47 Cal.4th 145, 189.) Even without a request or objection, however, a defendant may argue the court erred in instructing the jury "if the substantial rights of the defendant were affected thereby." (§ 1259; *People v. Johnson* (2015) 60 Cal.4th 966, 993.) Defendant contends the instruction as given allowed the jury to make a true finding under circumstances that did not meet the elements of the statute. If he were correct (as we explain, he is not), the error would have affected his substantial rights. Accordingly, the claim is not forfeited.

B.      *Sua sponte instruction*

The trial court has a duty to instruct sua sponte "on general principles of law that are commonly or closely and openly connected to the facts before the court and that are necessary for the jury's understanding of the case." (*People v. Montoya* (1994) 7 Cal.4th 1027, 1047.) This includes the obligation to instruct on the essential elements of a charged offense. (*People v. Merritt* (2017) 2 Cal.5th 819, 824.) When we review the correctness of the trial court's instructions, we consider the instructions as a whole and in light of each other, rather than each instruction in isolation. (*People v. Holt* (1997) 15 Cal.4th 619, 677; *People v. Ramos* (2008) 163 Cal.App.4th 1082, 1088.)

4

Here, the trial court instructed the jury: "The crimes that are charged in this case, jurors, require the proof of the union or joint operation of act and wrongful intent. For you to find a person guilty of the crimes in this case, that person must not only intentionally commit the prohibited act, but must do so with a specific mental state. The act and the specific mental state required are explained in the instruction for each crime." The trial court next instructed the jury with CALCRIM No. 2511, as follows: "To prove that the defendant is guilty of this crime, the People must prove that, 1, the defendant possessed a firearm; 2, that the defendant knew that he possessed the firearm; and 3, the defendant had previously been convicted of a felony." Further, the trial court informed the jury: "Two or more people may possess something at the same time. A person does not have to actually hold or touch something to possess it. It is enough if the person has control over it or the right to control it, either personally, or through another person."

The instructions, given properly, reflect the applicable law. (See *People v. Pena* (1999) 74 Cal.App.4th 1078, 1083; *People v. Sifuentes* (2011) 195 Cal.App.4th 1410, 1417, disapproved on other grounds as stated in *People v. Farwell* (2018) 5 Cal.5th 295, 304, fn. 6.) As stated in *Pena*: "A defendant possesses a weapon when it is under his dominion and control. . . . He has constructive possession when the weapon, while not in his actual possession, is nonetheless under his dominion and control, either directly or through others." (*Pena, supra*, at pp. 1083-1084.)

In *People v. Montero* (2007) 155 Cal.App.4th 1170, we addressed this possession versus proximity argument. We stated: "Defendant faults the instruction for not elaborating on the issue of proximity to the substance. The instruction did not have to offer more than it already did. The instruction requires the defendant to have control over the substance. Under this language, the jury could not find defendant guilty simply due to his proximity to the substance. No reasonable juror would have believed that proximity alone equaled control." (*Id.* at p. 1180.)

5

Here, the given instructions inform the jury the prosecution was required to show defendant had "control over" or "the right to control" the firearm(s). Common sense dictates that "control" means something more than "mere proximity." Defendant's physical proximity to the guns in the garage is not control and could not alone establish his guilt. It was unnecessary and it would have been redundant to additionally instruct that defendant's mere proximity to the guns was insufficient to find he was guilty of possession of the firearms. (*People v. Brown* (2003) 31 Cal.4th 518, 559 [a court is not required to give duplicative instructions, even if they are legally correct].)

Further, we reject defendant's claim the given instructions failed to state defendant had to knowingly exercise control over the firearm. The jury instructions stated defendant had to know he possessed the firearm. The jury was also informed this intent must accompany his wrongful act. Possession, in turn, was defined as requiring the exercise of control or the right to control over the item. Thus, the jury was properly instructed defendant had to knowingly exercise control or the right of control over the firearm. The trial court did not err.

Defendant alternatively argues his attorney was ineffective for failing to request the "mere proximity" instruction. To prevail on this contention, however, defendant must show there is a reasonable probability he would have obtained a more favorable outcome absent the claimed deficiency in counsel's performance. (*Strickland v. Washington* (1984) 466 U.S. 668, 687, 696 [80 L.Ed.2d 674, 693, 699].)

In this case, it is not reasonably probable the outcome could have been different if the instruction had been given. The instruction proffered was duplicative of the properly given instructions. Although the proximity instruction may have highlighted the need for the jury to find defendant was aware of the firearms and that he had control over them, the jury was told of the required elements by the given instructions and the prosecutor's argument.

Contrary to defendant's suggestion, the prosecution did not base its case on defendant's mere physical proximity to the guns but on all the above circumstances establishing defendant's control and dominion over the firearms. The prosecution explicitly relied on the fact defendant showed Dustin and Filipe each firearm in his garage, including the one located in the locked trunk, and told Dustin and Filipe to take them. Defendant's act of identifying and surrendering the firearms was the exercise of control over them even if defendant never touched them. Thus, defendant's counsel was not ineffective for failing to request this instruction because there is no reasonable probability that, but for counsel's failure to request the instruction, a determination more favorable to defendant would have resulted.

### DISPOSITION

The judgment is affirmed.

                                   KRAUSE              , J.

We concur:

        RAYE              , P. J.

        HULL              , J.

7