953 P.2d 614

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Christopher A. TUCKER, Defendant–Appellant.**

**No. 23084.**

Supreme Court of Idaho,
Boise, January 1998 Term.

March 25, 1998.

John M. Adams, Kootenai County Public Defender, J. Bradford Chapman, Deputy Public Defender, Coeur d'Alene, for defendant-appellant. J. Bradford Chapman argued.

Alan G. Lance, Attorney General, Kevin J. Wladyka, Deputy Attorney General, Boise, for plaintiff-respondent. Kevin J. Wladyka argued.

SILAK, Justice.

This case involves an appeal from a conviction for two counts of aggravated assault and

one count of possession of methamphetamine. We affirm.

## I.

### FACTS AND PROCEDURAL BACKGROUND

Christopher Tucker (Tucker) and his wife M.T. were involved in an acrimonious divorce proceeding and a dispute over the property settlement, especially the family residence. On the night of July 3, 1995, there was a confrontation at M.T.'s residence with Tucker's acquaintance. After this confrontation, C.T., the Tuckers' fourteen year old son, and M.T.'s friend, left M.T.'s house in M.T.'s car and drove to the friend's residence. While there, C.T. and the friend saw a light blue pickup truck drive by several times. As C.T. and the friend left the residence, they passed the same truck in the parking lot of a nearby school. The truck pulled out of the lot and headed toward the friend's residence.

The friend turned around and followed the truck. While the friend and C.T. were following the truck, the truck stopped in the middle of the street and the driver, who had exited the truck, began yelling at the friend and C.T. As the friend passed the truck, C.T. hung out of the vehicle window yelling back at the driver of the truck. The passenger of the truck exited the truck, then reached back in the truck, pulled out a gun and fired many shots at the car occupied by the friend and C.T. Between eight and nine shots were fired.

C.T. later identified the passenger of the vehicle, and the person who fired the shots, as his father, Tucker. C.T. and the friend both identified the driver of the car as Tucker's girlfriend.

Tucker was arrested the next morning, with two other individuals. Later, a bindle containing methamphetamine was found in Tucker's wallet. Tucker was charged with two counts of attempted second degree murder, two counts of aggravated assault and one count of possession of methamphetamine. Tucker entered a plea of not guilty to all charges, claiming he was not with Tucker's girlfriend at the time of the shooting. After a jury trial, Tucker was found guilty of two counts of aggravated assault and one count of possession of methamphetamine. Tucker was acquitted of the two counts of attempted second degree murder.

The district court imposed a unified sentence of twenty years with five years fixed for count I of aggravated assault, a unified sentence of twenty years with five years fixed for count II of aggravated assault, and a unified sentence of three years with one year fixed for possession of methamphetamine. All sentences were to be served concurrently. Tucker appeals.

## II.

### ISSUES PRESENTED ON APPEAL

(1) Was Tucker's right to present a defense violated when the trial court did not allow a videotape of the scene of the crime to be introduced?

(2) Was the jury properly instructed as to the elements of the crime of possession of methamphetamine?

(3) Did the trial court abuse its discretion in imposing a sentence not justified by the facts or the law?

## III.

### ANALYSIS

**A. Tucker Has Not Shown That The District Court's Decision To Exclude A Videotape Of The Crime Scene Is Erroneous.**

■ Tucker argues that the district court erred in excluding the videotape because the tape was substantially similar to the scene of the crime. The district court ruled that portions of the videotape were irrelevant and that the tape could be edited to show only the relevant portions. The record does not show any attempt on the part of the defense to edit the videotape and introduce the relevant portions. Since the trial court excluded the evidence on the issue of relevancy, we review only whether the videotape was relevant.

■ Initially we note that whether the evidence was relevant to a material issue of the crime is reviewed *de novo*. *State v.*

*Raudebaugh,* 124 Idaho 758, 766, 864 P.2d 596, 604 (1993). Under Idaho Rule of Evidence 401, evidence is relevant if it has any tendency to make a fact of consequence to the case more or less probable. IRE 401. All relevant evidence is generally admissible. IRE 402.

■ The videotape is not part of the record on appeal. Therefore, we are unable to review the videotape directly. Without a proper record to review, error will not be presumed an appeal. *State v. Sima,* 98 Idaho 643, 644, 570 P.2d 1333, 1334 (1977). Consequently, we presume the district court was correct in ruling portions of the videotape were irrelevant. The decision to exclude the evidence is affirmed.

### B. The Jury Was Properly Instructed As To The Elements Of The Crime Of Possession Of A Controlled Substance.

■ When reviewing whether the jury was properly instructed, this Court exercises free review. *State v. Gleason,* 123 Idaho 62, 65, 844 P.2d 691, 694 (1992). The instructions must be reviewed as a whole to insure whether any particular instruction fairly represents the applicable law. *State v. Eastman,* 122 Idaho 87, 89, 831 P.2d 555, 557 (1992).

Tucker argues that the jury instructions were improper because the jury was commanded to find him guilty if he possessed either methamphetamine or a controlled substance. The relevant portion of jury instruction number 14 states:

> In order for the Defendant to be guilty of COUNT III—POSSESSION OF METHAMPHETAMINE, the State must prove each of the following:
>
> 1. On or about July 4, 1995,
>
> 2. in the State of Idaho,
>
> 3. the Defendant, CHRISTOPHER AVON TUCKER, possessed methamphetamine, and

> 4. the Defendant knew or should have known[1] that it was either Methamphetamine or a controlled substance.

Tucker argues that since possession of some controlled substances can be a misdemeanor offense under Idaho law, and Tucker was charged with a felony, this instruction allowed the jury to find him guilty of a felony without finding him guilty of "possessing methamphetamine."

This argument is refuted by the fact that another portion of the jury instruction required the jury to find that Tucker "possessed Methamphetamine." Therefore, the jury had to find that Tucker possessed methamphetamine to convict Tucker of the crime charged. This instruction did not allow the jury to convict Tucker by merely finding Tucker possessed a controlled substance. We hold that the jury instruction was proper and required the jury to find Tucker possessed methamphetamine.

### C. The Trial Court Did Not Abuse Its Discretion In Imposing The Sentences.

■ A sentence imposed is reviewed under an abuse of discretion standard. *State v. Wolfe,* 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). To determine if the sentence is excessive, the appellate court will review the record, taking into account the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Shideler,* 103 Idaho 593, 594, 651 P.2d 527, 528 (1982). The appellant must show that the sentence was excessive under a reasonable view of the facts. *State v. Charboneau,* 124 Idaho 497, 499, 861 P.2d 67, 69 (1993). The minimum period of confinement specified by the sentencing judge will be treated as the probable duration of confinement. *State v. Viehweg,* 127 Idaho 87, 93, 896 P.2d 995, 1001 (Ct.App.1995). We hold that the district court did not abuse its discretion in imposing the concurrent sentences on Tucker.

Accordingly, this opinion does not address the propriety of such language.

---

1. As noted in the special concurrence, no appellate challenge was directed to the "knew or should have known" language of the instruction.

## IV.

## CONCLUSION

Since we are unable to review the videotape, we presume that the trial court did not err in excluding the evidence as irrelevant. Additionally, we hold that the jury instruction properly instructed the jury to find the appellant guilty of all elements of the crime charged and that the district court did not abuse its discretion in imposing the three concurrent sentences.

TROUT, C.J., and JOHNSON and WALTERS, JJ., concur.

SCHROEDER, Justice, specially concurs.

Instruction No. 14 states the following:

In order for the Defendant to be guilty of COUNT III—POSSESSION OF METHAMPHETAMINE, the State must prove each of the following:

1. On or about July 4, 1995,

2. in the State of Idaho,

3. the Defendant, CHRISTOPHER AVON TUCKER, possessed Methamphetamine, and

4. the Defendant knew or *should have known* that it was either Methamphetamine or a controlled substance.

If any of the above has not been proven beyond a reasonable doubt, then you must find the Defendant not guilty. If each of the above has been proven beyond a reasonable doubt, you must find the Defendant guilty.

Under Idaho law Methamphetamine is a controlled substance.

A person has possession of something if the person knows of its presence and has physical control of it, or has the power and intention to control it. More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

The language in subpart 4. "should have known that it was either Methamphetamine or a controlled substance" is inappropriate. The instruction would allow conviction of a person who possessed a controlled substance but who did not know the nature of the substance. It is clear that if one possesses a controlled substance different from the one he or she thought but believed it to be a controlled substance, that person is guilty of possession of whatever controlled substance it turns out to be. However, if a person possesses a controlled substance in the mistaken belief that it is a different substance that is in fact legal to possess, there is no violation of the law. The instruction as written imposes a negligence standard on conduct rather than the standard of criminal intent.

The problem arises from several cases. The manual on Idaho Criminal Jury Instructions includes a reference to *State v. Fox,* 124 Idaho 924, 866 P.2d 181 (1993). However, *Fox* did not involve a mistake of fact. It involved a mistake of law. Fox knew he possessed ephedrine, but he did not know that it was illegal. The mistake of law was not a defense. Subsequently, in *State v. Lamphere,* 130 Idaho 630, 945 P.2d 1 (1997), this Court recited the "should have known" portion of the instruction. However, the text of the opinion acknowledges that the lack of knowledge of the nature of the substance would be a defense:

*Fox* is distinguishable from the present case, for Lamphere's defense was that he did not know the nature of the residue in the vial that he possessed, not, as in *Fox,* that he did not know the illegal nature of the substance he possessed.

In light of the above, we hold that W.P.'s testimony was relevant to the issue of knowledge of what the substance was, an element of the offense of possession of a controlled substance. W.P.'s testimony could have corroborated L.P.'s testimony that she thought the vial was her daughter's and that she was having Lamphere check into what was in it. The testimony would also have corroborated Lamphere's testimony that he did not know what the vial's contents were. Testimony regarding Lamphere's non-ownership of the vial would bolster his contention that he did not know what the vial's contents were. Accordingly, the district court erred in excluding W.P.'s testimony as irrelevant.

The instruction as given in this case and as contained in the Instruction Manual, would allow conviction under these circumstances: A person has a good faith belief that he is in possession of a packet of sugar. The substance is in fact cocaine. The jury could return a verdict of guilty, finding that the individual actually believed that he was in possession of sugar, but the jury thinks he should have known it was cocaine or another controlled substance. That would run directly contrary to Idaho Code Section 18-201 which provides the following:

Persons Capable of Committing Crimes.— All persons are capable of committing crimes, except those belonging to the following classes:

1. Persons who committed the act or made the omission charged under an ignorance or mistake of fact which disproves any criminal intent.

If a person possesses a substance that he actually believes is a legal substance, he is not guilty of possession of a controlled substance, even if a jury could conclude that he should have known better.

This issue was not raised on appeal and, under the circumstances of this case, does not provide the defendant with relief. However, it is worthy of note to avoid the appearance that this instruction is sanctioned and to avoid repetition of the error in the future.