**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

MARTIN VEGA-ORTIZ,
*Defendant-Appellant.*

No. 14-50100

D.C. No.
3:13-cr-01636-BTM-1

OPINION

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, Chief District Judge, Presiding

Argued and Submitted
October 19, 2015—Pasadena, California

Filed May 6, 2016

Before: Andrew J. Kleinfeld, Johnnie B. Rawlinson,
and Jacqueline H. Nguyen, Circuit Judges.

Opinion by Judge Rawlinson

## SUMMARY[*]

### Criminal Law

The panel affirmed a criminal judgment, and remanded for correction of the judgment, in a case in which the district court denied the defendant's motion to dismiss an information charging him with being found in the United States after removal, in violation of 8 U.S.C. § 1326.

The panel held that the denial of the defendant's motion to dismiss was proper because his conviction under California Health & Safety Code § 11378 constituted an aggravated felony. The panel wrote that although a § 11378 conviction is not categorically an aggravated felony, the modified categorical approach applies because § 11378 is a divisible statute. The panel wrote that there is no principled basis for distinguishing this case from decisions holding that California Health & Safety Code §§ 11377 and 11378 are divisible, or from a decision assuming the divisibility of California Health & Safety Code § 11379. The panel wrote that the defendant's contention that a federal regulation excluding pharmaceutical products containing L-meth from the federal schedules renders California's definition of methamphetamine overbroad is not persuasive, because the defendant failed to show a realistic probability of prosecution for possession of the excluded product.

The panel held that for similar reasons the district court did not err in applying a sentencing enhancement pursuant to

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

U.S.S.G. § 2L1.2(b)(1)(B) on the ground that the defendant's § 11378 conviction was a felony drug trafficking offense.

The panel remanded for correction of the judgment, which erroneously states that the defendant pled guilty.

## COUNSEL

Kara Hartzler (argued), Federal Defenders of San Diego, Inc., San Diego, California, for Defendant-Appellant.

Laura Duffy, United States Attorney, Bruce R. Castetter, Chief, Appellate Section, Anne Kristina Perry (argued), Peter Ko, and Mark R. Rehe, Assistant United States Attorneys, San Diego, California, for Plaintiff-Appellee.

## OPINION

RAWLINSON, Circuit Judge:

Petitioner Martin Vega-Ortiz (Vega-Ortiz) appeals the district court's denial of his motion to dismiss an information charging him with being found in the United States after removal, in violation of 8 U.S.C. § 1326. Vega-Ortiz contends that his underlying deportation was invalid because his prior conviction for possession for sale of a controlled substance in violation of California Health & Safety Code § 11378 was not an aggravated felony. This Court's recent precedent forecloses Vega-Ortiz's claim.

## I.  BACKGROUND

In 2010, Vega-Ortiz pled guilty to possession for sale and transportation of a controlled substance under California Health & Safety Code §§ 11378 and 11379.  In 2011, the Department of Homeland Security placed Vega-Ortiz into removal proceedings by filing a notice to appear (NTA).  The NTA charged Vega-Ortiz with removability as an alien who entered the United States without permission, and who had been convicted of a controlled substance offense and of an "aggravated felony."  The Immigration Judge subsequently ordered Vega-Ortiz removed from the United States, and removal was effectuated in 2011.

Two years after his removal, a border patrol agent found Vega-Ortiz and another individual hiding under some rocks north of the U.S.-Mexico border.  Vega-Ortiz acknowledged to the agent that he was a native of Mexico and did not have any documentation permitting his entry into this country.  Vega-Ortiz was subsequently charged with being a deported alien found in the United States in violation of 8 U.S.C. § 1326.

Vega-Ortiz filed a motion to dismiss the information due to the alleged invalidity of the underlying removal order.  Vega-Ortiz asserted that his prior removal violated due process because his convictions for violations of California Health & Safety Code §§ 11378 and 11379 did not qualify as aggravated felonies.  According to Vega-Ortiz, the California provisions criminalized a broader range of controlled substances than those included in the Federal Controlled Substances Act, and the modified categorical approach did not apply because the statutes are not divisible.

The district court denied Vega-Ortiz's motion to dismiss the information. The court agreed with Vega-Ortiz that § 11378 was broader than the generic offense because it criminalized "a broader swath" of drugs than the Federal Controlled Substances Act, 21 U.S.C. § 802.[1] However, the court also determined that the statute was divisible and subject to application of the modified categorical approach. Because the statute was divisible and the record of conviction established that Vega-Ortiz was convicted of possession for sale and transportation of a federally controlled substance, the court found no defect in the underlying removal order.

After denying Vega-Ortiz's motion to dismiss the information, the court presided over a bench trial, finding Vega-Ortiz guilty of the charged offense.[2] Vega-Ortiz then filed a motion to reconsider, maintaining that even under the modified categorical approach, the California statute remained overbroad because the schedule of controlled substances did not distinguish among the categories of "methamphetamine" covered by the offense, while federal law contained an exception for the category of "L-meth." Vega-Ortiz's argument is premised on the content of 21 C.F.R. § 1308.22, which provides: "The following nonnarcotic substances which may, under the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 301), be lawfully sold over the counter without a prescription, are excluded from all schedules pursuant to section 201(g)(1) of the Act (21 U.S.C. § 811(g)(1)): . . . [50.00 mg or mg/ml of] Levmethamfetamine (l-Desoxyephedrine)[.]" After the court

---

[1] The court's analysis applied equally to § 11379.

[2] The judgment of conviction erroneously states that Vega-Ortiz pled guilty. We remand for correction of this document.

denied Vega-Ortiz's motion for reconsideration, he filed a timely notice of appeal.

## II.  STANDARD OF REVIEW

"We review de novo the denial of a motion to dismiss an indictment under 8 U.S.C. § 1326 when the motion is based on alleged due process defects in an underlying deportation proceeding." *United States v. Alvarado-Pineda*, 774 F.3d 1198, 1201 (9th Cir. 2014) (citation omitted).  To sustain a collateral attack predicated on a due process claim, a defendant must establish that the underlying removal order was "fundamentally unfair" due to:  (1) defects in the deportation proceedings that violated his or her due process rights; and (2) prejudice from the defects.  *Id.* (citation omitted).

## III.    DISCUSSION

### A.  Vega-Ortiz's Removal Order was Validly Premised on His Conviction for Violating California Health and Safety Code § 11378.

Vega-Ortiz contends that his prior deportation was invalid because California Health & Safety Code § 11378 does not categorically qualify as an aggravated felony, is not divisible, and is not subject to application of the modified categorical approach.  In his view, the statute is fatally overbroad because it criminalizes methamphetamine in all its forms, including its salts, isomers, and salts of its isomers without containing an exception for pharmaceutical products that contain "L-meth," although federal law excludes a particular product containing L-meth.

To determine whether Vega-Ortiz's deportation was validly premised on commission of an aggravated felony, we first apply the "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575 (1990). *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013). Under this approach we "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime . . ." *Id.* at 2281. It is undisputed by the parties and settled by past precedent that Vega-Ortiz's conviction is not categorically an aggravated felony because the "full range of conduct covered by [California Health & Safety Code] §11378" does not "fall[] within" the Controlled Substances Act schedules. *United States v. Valdavinos-Torres*, 704 F.3d 679, 688 (9th Cir. 2012) (alteration omitted).

If a conviction does not qualify as an aggravated felony under the categorical approach, we proceed in a "narrow range of cases" to apply the "modified categorical approach," which allows courts to "look beyond the statutory elements" to a specified set of documents to determine whether a defendant was convicted of an aggravated felony. *Descamps*, 133 S.Ct. at 2283–84 (citation omitted); *see also Rendon v. Holder*, 764 F.3d 1077, 1083 (9th Cir. 2014). Importantly, the modified categorical approach may be utilized only if the statute of conviction is divisible. *See Rendon*, 764 F.3d at 1083. A statute is divisible if it sets forth multiple "alternative elements" that create different crimes. *Id*. We must examine the text of the statute to make this determination. *See id*. at 1088 & n.12. We now proceed to that examination. At the time of Vega-Ortiz's conviction, the text of California Health & Safety Code § 11378 provided in pertinent part:

> Except as otherwise provided in Article 7
> (commencing with Section 4211) of Chapter
> 9 of Division 2 of the Business and
> Professions Code, every person who possesses
> for sale any controlled substance which is
> (1) classified in Schedule III, IV, or V and
> which is not a narcotic drug, except
> subdivision (g) of Section 11056, (2) specified
> in subdivision (d) of Section 11054, except
> paragraphs (13), (14), (15), (20), (21), (22),
> and (23) of subdivision (d), (3) specified in
> paragraph (11) of subdivision (c) of Section
> 11056, (4) specified in paragraph (2) or (3) of
> subdivision (f) of Section 11054, or
> (5) specified in subdivision (d), (e), or (f),
> except paragraph (3) of subdivision (e) and
> subparagraphs (A) and (B) of paragraph (2) of
> subdivision (f), of Section 11055, shall be
> punished by imprisonment in the state prison.

Cal. Health & Saf. Code § 11378 (2010).

We have previously held that § 11378 is a divisible statute. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 831 n.3 (9th Cir. 2014). We reasoned that § 11378 lists five alternative categories of controlled substances in the disjunctive and that under California law the type of controlled substance is a separate element of a drug offense. *See id.*

As we recognized in *Coronado*, the text of the statute is not particularly helpful to our analysis because it defines offenses through reference to other statutes. *See* 759 F.3d at 983. We noted that the text of California Health & Safety

Code § 11377 is virtually identical to the language of the Federal Controlled Substances Act. *See id*. & Appendix 1. Similarly, the language of § 11377 is virtually identical to the language of § 11378. *Compare* Cal. Health & Saf. Code § 11377 *with* Cal. Health & Saf. Code § 11378. In *Coronado*, we concluded that § 11377 is divisible because it "effectively creates several different crimes . . ." 759 F.3d at 985 (citations omitted); *see also Ruiz-Vidal v. Lynch*, 803 F.3d 1049, 1054 (9th Cir. 2015) (assuming the divisibility of California Health & Safety Code § 11379). No principled basis exists for distinguishing this case from our holdings in *Coronado* and *Padilla-Martinez* and our reasoning in *Ruiz-Vidal*.

Nevertheless, Vega-Ortiz rests his challenge to the divisibility of § 11378 primarily on the existence of a federal regulation he describes as excluding a particular product containing L-meth from the definition of methamphetamine salts, isomers and salts of its isomers. *See* 21 C.F.R. §§ 1308.12(d)(2); 1308.22. According to Vega-Ortiz, this discrepancy precludes application of the modified categorical approach to § 11378. We disagree. The conclusion that § 11378 is divisible is consistent with our analysis in *Rendon*, where we explained that "the Supreme Court regards *elements* as those circumstances on which the jury must unanimously agree . . ." 764 F.3d at 1086 (emphasis in the original). In keeping with this analysis, § 11378 has been interpreted to require a jury to specify the substance a defendant possessed. *See e.g.*, 2 Witkin & Epstein, California Criminal Law § 102 (4th ed. 2012) ("The possession offenses all involve the following elements: (a) A specified controlled substance in a sufficient quantity and in a usable form . . . "); *see also* California Criminal Jury Instruction 2302 ("The defendant is charged in [Count __] with possession for sale

of _____ <insert type of controlled substance> . . .).  The California courts adhere to this instruction.  *See e.g.*, *People v. Montero*, 155 Cal. App. 4th 1170, 1175–77 (2007). Therefore, it is well-settled that California treats the identity of a controlled substance as an element that must be found by the jury, further supporting the conclusion that § 11378 is divisible.  *See Rendon*, 764 F.3d at 1088–89.

Vega-Ortiz nevertheless maintains that the federal regulation excluding a particular product containing L-meth from the schedule of federal controlled substances renders California's definition of methamphetamine broader than the definition of controlled substances in the Controlled Substances Act.  However, in addressing a similar argument regarding an exemption for "administering" controlled substances that existed under federal law but not Washington state law, we focused on whether the defendant showed a "realistic probability" that a person would be prosecuted for the offense that assertedly rendered the state statute overbroad.  *United States v. Burgos-Ortega*, 777 F.3d 1054–55 (9th Cir. 2015); *see also Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007) ("[T]o find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires . . . a realistic probability . . . that the state would apply its statute to conduct that falls outside the generic definition of a crime. . . .").  Applying this analysis to the facts here, to succeed on his claim Vega-Ortiz would need to show a "realistic probability" that he would be prosecuted under § 11378 for possession of the excluded product containing L-meth.  *Burgos-Ortega*, 777 F.3d at 1054.  He has failed to do so.  As in *Burgos-Ortega*, § 11378 is not "overbroad on its face" and "does not expressly include conduct not covered by the generic offense, but rather is silent as to the existence of

a parallel [L-meth] exception." 777 F.3d at 1055. Thus, Vega-Ortiz's overbreadth arguments are unavailing, and we conclude that the district court properly applied the modified categorical approach to § 11378.

## B. The District Court Correctly Imposed a Sentencing Enhancement for Drug Trafficking.

For the same reasons that Vega-Ortiz's conviction under § 11378 qualified as an aggravated felony, the district court properly imposed a drug trafficking sentence enhancement. Section 2L1.2 of the United States Sentencing Guidelines, permits a 12-level increase to the base offense level if a defendant was convicted of a "felony drug trafficking offense." U.S.S.G. § 2L1.2(b)(1)(B). A drug trafficking offense is "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." *Id.* § 2L1.2, Application Note 1(B) (2013). As previously discussed, the California statute of conviction prohibits possession of a controlled substance with the intent to distribute. *See* Cal. Health & Saf. Code § 11378. Thus, the district court's application of the 12-level sentencing enhancement was permissible.

## IV.    CONCLUSION

The district court's denial of Vega-Ortiz's motion to dismiss was proper because his conviction under California Health & Safety Code § 11378 constituted an aggravated felony. The court correctly concluded that although § 11378 was not categorically an aggravated felony, application of the

modified categorical approach resulted in a determination that Vega-Ortiz was indeed convicted of an aggravated felony. Vega-Ortiz's reliance on the federal regulation excluding a particular product containing L-meth from inclusion in the federal schedules is not persuasive, because Vega-Ortiz failed to show a "realistic probability" of prosecution for possession of the excluded product. Finally, for similar reasons the district court did not err in applying a sentencing enhancement for a prior drug trafficking conviction.

**AFFIRMED and REMANDED for correction of judgment.**