**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-50245 |
| Plaintiff-Appellant, | D.C. No. 2:14-cr-00661-DMG-1 |
| v. | |
| SERGIO MARTINEZ, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted August 4, 2016
Pasadena, California

Before:  REINHARDT, KOZINSKI, and WARDLAW, Circuit Judges.

Sergio Martinez was charged with illegal reentry in violation of 8 U.S.C.

§ 1326(a), (b)(2) in November 2014.  The district court dismissed the indictment

under 8 U.S.C. § 1326(d) on the ground that Martinez's earlier removal was

fundamentally unfair because Martinez had not been advised during the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

immigration proceedings that he could apply for voluntary departure instead of being removed.

1. The district court erred in dismissing Martinez's indictment for illegal reentry based on its conclusion that Martinez was prejudiced at his 2004 removal hearing by the failure to inform him of his eligibility for voluntary departure. At the time of Martinez's removal hearing, he had two convictions for violating California Health and Safety Code § 11378. A violation of Section 11378 is an "aggravated felony," *United States v. Vega-Ortiz*, 822 F.3d 1031, 1035-36 (9th Cir. 2016); *see also* 8 U.S.C. § 1101(a)(43)(B), and these convictions thus made Martinez statutorily ineligible to receive voluntary departure, 8 U.S.C. § 1229c(a)(1). As a result, Martinez cannot prove prejudice because "an alien who is statutorily barred from obtaining relief from removal cannot be prejudiced by an IJ's failure to inform him about the possibility of applying for such relief." *United States v. Bustos-Ochoa*, 704 F.3d 1053, 1057 (9th Cir. 2012).

2. Martinez argues that the district court's ruling can be affirmed on the alternative ground that he was not removable as charged in 2004 because the conviction cited in his Notice to Appear was not categorically a controlled substance offense under *Mathis v. United States*, 136 S. Ct. 2243 (2016). This argument is foreclosed by *United States v. Martinez-Lopez*, No. 14-50014, slip op.

at 21 (9th Cir. July 28, 2017) (en banc), in which we held that California's controlled substance statutes are divisible with respect to the listed substances. Because California Health & Safety Code § 11379 is divisible in this respect, the panel may look at Martinez's *Shepard* documents to determine whether he was convicted of an offense that also constitutes a controlled substances offense under the generic federal definition. *See Mathis*, 136 S. Ct. at 2249. The felony complaint charging Martinez with a violation of Section 11379 states that Martinez "did unlawfully transport methamphetamine." Methamphetamine is criminalized under the Controlled Substances Act, *see* 21 U.S.C. § 812, Schedule II(c), Schedule III(a)(3), and Martinez's offense thus fits within the federal statutory definition of a controlled substances offense.

Accordingly, the district court erred in dismissing the indictment. We therefore **REVERSE** its decision and **REMAND** for further proceedings consistent with this disposition.