NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 16 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIGUEL ANGEL ZAMUNDIO OROZCO, | No. 14-72556 |
| Petitioner, | Agency No. A034-983-427 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2018[**]

Before:     SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Miguel Angel Zamundio Orozco, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's ("IJ") decision denying a continuance and ordering

removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

discretion the agency's denial of a continuance, and review de novo questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

The agency correctly determined that Zamundio Orozco's conviction under California Health and Safety Code § 11378, for possession for sale of methamphetamine, is a drug trafficking aggravated felony under 8 U.S.C. § 1101(a)(43)(B), where the criminal complaint, change of plea form, and change of plea minutes, read in conjunction, establishes that the substance at issue was methamphetamine. *See United States v. Vega Ortiz*, 822 F.3d 1031, 1035-36 (9th Cir. 2016) (Section 11378 is divisible and a conviction under the statute is an aggravated felony where the substance at issue is punishable under the federal Controlled Substances Act).

The agency did not abuse its discretion in denying Zamundio Orozco a fourth continuance for lack of good cause, where petitioner had no pending state court motions, he advised the IJ that he was voluntarily abandoning his applications for relief, and he requested that the IJ enter an order of removal. *See* 8 C.F.R. §§ 1003.29, 1003.31(c); *Ahmed*, 569 F.3d at 1012 (listing factors to consider in determining if the agency abused its discretion in denying a continuance request).

We lack jurisdiction to consider Zamundio Orozco's unexhausted

contentions regarding alleged due process violations by the IJ and the Department

of Homeland Security. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIED DENIED in part; DISMISSED in part.**