NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS NAVA-CRUSILLO, AKA Jose Adame-Nava, AKA Jose Estrada-Pena,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 19-72122<br><br>Agency No. A200-090-134<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2020**
Seattle, Washington

Before: GOULD and FRIEDLAND, Circuit Judges, and CHEN,*** District Judge.

This appeal arises from a Board of Immigration Appeals ("BIA") decision

dismissing Petitioner Jose Luis Nava-Crusillo's ("Nava") appeal of an immigration

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

judge's ("IJ") denial of cancellation of removal. Nava, a citizen of Mexico, was served by the Department of Homeland Security ("DHS") with a Notice to Appear ("NTA"), charging Nava with removability under 8 U.S.C. § 1182(a)(6)(A)(i). Nava applied for cancellation of removal under 8 U.S.C. § 1229b(b). In August 2017, DHS filed a motion to pretermit Nava's application for cancellation of removal due to criminal ineligibility and lack of ten years' continuous physical presence. In October 2017, the IJ issued a written decision granting DHS's motion to pretermit Nava's application for cancellation of removal due to criminal ineligibility. Applying the modified categorical approach, the IJ found that Nava's conviction was an offense relating to a controlled substance under 8 U.S.C. § 1182(a)(2)(A)(i)(II), rendering Nava ineligible for cancellation of removal.

Nava appealed the IJ's decision to the BIA. The BIA dismissed Nava's appeal. The BIA applied the modified categorical approach, and found that Nava was convicted of possessing marijuana, a federally controlled substance. Therefore, his conviction constituted an offense relating to a controlled substance under 8 U.S.C. § 1182(a)(2)(A)(i)(II), which made him ineligible for cancellation of removal. The present petition for review followed.

When the BIA affirms the decision of the IJ and adds its own analysis, we review both decisions. *Paramasamy v. Ashcroft*, 295 F.3d 1047, 1050 (9th Cir.

2002).  We review questions of law *de novo*.  *See Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam).

An inadmissible, removable alien is ineligible for cancellation of removal if he or she has been convicted of, among other things, a controlled substance offense under 8 U.S.C. § 1182(a)(2)(A)(i)(II).  8 U.S.C. § 1229b(b)(1)(C).  An offense under 8 U.S.C. § 1182(a)(2)(A)(i)(II) includes "a violation of . . . any law or regulation of a State . . . relating to a controlled substance (as defined in section 802 of Title 21) . . . ."  8 U.S.C. § 1182(a)(2)(A)(i)(II).  To be a controlled substance under 8 U.S.C. § 1182(a)(2)(A)(i)(II) requires that the substance be federally controlled.  *Madrigal-Barcenas v. Lynch*, 797 F.3d 643, 644 (9th Cir. 2015).

To determine whether Nava's Idaho state conviction constitutes a disqualifying offense, we apply a three-step process.  *Medina-Lara v. Holder*, 771 F.3d 1106, 1111-12 (9th Cir. 2014).  First, we must determine whether the Idaho law is a categorical match with a federal controlled substance offense.  *United States v. Martinez-Lopez*, 864 F.3d 1034, 1038 (9th Cir. 2017).  Under the categorical approach, we look to the statute of conviction and do not look to the record of conviction or elsewhere to determine the nature of the offense.  *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016).  The defendant's "actual conduct is irrelevant to the inquiry, as the adjudicator must 'presume that the conviction rested upon nothing more than the least of the acts criminalized' under the state statute."

3

*Mellouli v. Lynch*, 135 S. Ct. 1980, 1986 (2015) (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013)). If the Idaho law "proscribes the same amount of or less conduct than" that which qualifies as a federal controlled substance offense, then the two offenses are a categorical match and the analysis stops. *Martinez-Lopez*, 864 F.3d at 1038 (quoting *United States v. Hernandez*, 769 F.3d 1059, 1062 (9th Cir. 2014)); *see also Descamps v. United States*, 570 U.S. 254, 257 (2013). On the other hand, if the Idaho statute criminalizes a broader range of conduct than the federal offense does, then it is not a categorical match, and the analysis proceeds to step two. *Martinez-Lopez*, 864 F.3d at 1037-38. The Government correctly concedes that, at the time of Nava's conviction, Idaho Code Ann. § 37-2732(c)(3) criminalized the possession of more substances than appeared on the federal schedule for that year, thereby failing to satisfy the requirements for a categorical match.

We determine at the second step if the state statute is divisible. A state statute is divisible if it has "multiple, alternative elements, and so effectively creates 'several different crimes.'" *Almanza-Arenas v. Lynch*, 815 F.3d 469, 476 (9th Cir. 2016) (quoting *Descamps*, 570 U.S. at 264). If the offense in question has a single set of elements, with varying means of committing one crime, then the statute in question is indivisible. *Id.* at 476-77. But if the statute is divisible and it is overbroad, then we apply the third step of the analysis, known as the modified categorical approach. *Martinez-Lopez*, 864 F.3d at 1039. Under the modified

4

categorical approach, we consider the record of conviction to decide which statutory phrase was the basis for the conviction. *Id.*

The BIA properly found that Idaho Code Ann. § 37-2732(c)(3) is divisible as to drug type. Idaho Code Ann. § 37-2732(c) punishes "possess[ion] of a controlled substance," with subsections (c)(1)-(3) prescribing different penalties depending on where the substance is located on the Idaho drug schedules. Subsection (c)(3) punishes possession of a "nonnarcotic drug classified in schedule I except lysergic acid diethylamide, or a controlled substance classified in schedules III, IV, V and VI." Idaho Code Ann. § 37-2732(c)(3). Idaho caselaw further supports the BIA's determination that drug identity is a divisible element of possession offenses under § 37-2732(c). *See, e.g., State v. Blake*, 985 P.2d 117, 120-21 (Idaho 1999) (approving of jury instructions that required the State to prove that "the substance possessed was in fact Cocaine" for one offense and "the substance possessed was in fact Methamphetamine" for another offense); *State v. Tucker*, 953 P.2d 614, 617 (Idaho 1998) (holding that jury instructions were proper because they required the jury to find that the defendant possessed "methamphetamine" and not simply "a controlled substance").

Because the statute Nava was convicted under is divisible as to drug identity, the IJ properly used the modified categorical approach and examined the record to find that Nava's conviction rendered him inadmissible, and so ineligible for

cancellation of removal. Nava's conviction involved marijuana, which is a federally controlled substance. *See* 21 U.S.C. § 812(c). Thus, he was properly considered inadmissible as an alien convicted of a controlled substance offense, and also properly considered ineligible for cancellation of removal.

**PETITION FOR REVIEW DENIED.**