**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

OMAR TELLEZ-RAMIREZ,

*Petitioner*,

v.

MERRICK B. GARLAND, Attorney General,

*Respondent*.

No. 22-1168

Agency No.
A055-283-335

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 12, 2023
Seattle, Washington

Filed November 29, 2023

Before: Susan P. Graber, Ronald M. Gould, and Michelle
T. Friedland, Circuit Judges.

Opinion by Judge Graber

# SUMMARY[*]

## Immigration

Denying Omar Tellez-Ramirez's petition for review of a decision of the Board of Immigration Appeals, the panel held that Petitioner's conviction for possessing a controlled substance with intent to deliver, in violation of Idaho Code section 37-2732(a)(1)(A), was a drug trafficking aggravated felony that made him removable.

Observing that the Idaho statute is overbroad as to drug type, the panel explained that the statute, plus Idaho precedent and model jury instructions, establish that it is divisible. Applying the modified categorical approach, the panel concluded that Petitioner's conviction record clearly documents that his conviction involved methamphetamine, a controlled substance under federal and Idaho law.

The panel next concluded that the required mental state under federal and Idaho law—knowledge—is the same in all relevant respects: the defendant either must know what the substance is (even if the defendant does not know that it is controlled) or must know that the substance is illegal (even if the defendant does not know what the substance is).

Petitioner argued that Idaho's definition of aiding and abetting is overbroad in that the Idaho definition includes solicitation, while the federal definition does not. Rejecting that contention, the panel explained that: 1) the Idaho definition of principals requires the commission of a

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

*completed* crime (meaning that one who solicited an uncompleted crime could not be convicted of the crime of which Petitioner was convicted); 2) the presence of the word "solicit" in Idaho caselaw does not change the analysis, which requires a "realistic probability" that the state would punish conduct outside the generic definition; and 3) both definitions of accomplice liability require criminal intent to commit the crime and an act intended to facilitate the crime's commission.

## COUNSEL

Neal F. Dougherty (argued), Ramirez-Smith Law, Nampa, Idaho, for Petitioner.

Rebekah Nahas (argued), Civil Division, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

## OPINION

GRABER, Circuit Judge:

Petitioner Omar Tellez-Ramirez is a native and citizen of Mexico. He was admitted to the United States as a lawful permanent resident in 2002. But in 2019, a jury convicted him of possessing methamphetamine, a controlled substance, with intent to deliver, in violation of Idaho Code section 37-2732(a)(1)(A). The Department of Homeland Security initiated removal proceedings in 2021, charging that Petitioner is removable (1) under 8 U.S.C.

§ 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony related to illicit trafficking in a controlled substance, and (2) under 8 U.S.C. § 1227(a)(2)(B)(i), for having been convicted of violating a state law relating to a controlled substance.

Petitioner filed a motion to terminate proceedings, asserting that his conviction is neither for an aggravated felony nor for a crime related to a controlled substance. The immigration judge disagreed and ordered Petitioner's removal. The Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal. It held that Petitioner's conviction qualifies as an aggravated felony, falling "under the 'drug trafficking crime' prong of the aggravated felony definition" found in 8 U.S.C. § 1101(a)(43)(B).

Petitioner timely seeks review of the final order of removal. He did not apply for any form of relief or protection, so the sole question before us is whether Petitioner's conviction under Idaho law is an aggravated felony. Reviewing de novo the questions of law presented here, Valdez v. Garland, 28 F.4th 72, 76–77 (9th Cir. 2022), we hold that Petitioner's conviction under Idaho law is an aggravated felony and, accordingly, we deny the petition.

A. Petitioner's Conviction Is a Match for Drug Type Under the Modified Categorical Approach Because the State Statute Is Divisible by Drug Type.

"[T]he government may order the removal of noncitizens who have committed crimes classified as 'aggravated felonies.'" Alfred v. Garland, 64 F.4th 1025, 1030 (9th Cir. 2023) (en banc) (citations omitted). "[I]llicit trafficking in a controlled substance" is an aggravated felony under the Immigration and Nationality Act. 8 U.S.C. § 1101(a)(43)(B). To determine whether a state statute

defining the crime of conviction counts as an aggravated felony, we first employ the categorical approach. Alfred, 64 F.4th at 1031.

Under the categorical approach, we compare the elements of the state crime in question to the elements of the corresponding federal offense. United States v. Vega-Ortiz, 822 F.3d 1031, 1034 (9th Cir. 2016). If the elements in the state statute are broader than the elements in its federal counterpart, the conviction does not qualify as an aggravated felony under the categorical approach. Id. Here, the Idaho statute is not a categorical match because it prohibits more substances than its federal counterpart. Compare, e.g., Idaho Code § 37-2713A(b)(2) (including butyl nitrite), with 21 U.S.C. § 812, and 21 C.F.R. §§ 1308.11–.15 (not including butyl nitrite).[1] Therefore, we next apply the "modified categorical approach." Vega-Ortiz, 822 F.3d at 1034.

The modified categorical approach applies only when the statute is "divisible." Rendon v. Holder, 764 F.3d 1077, 1083 (9th Cir. 2014) (citing Descamps v. United States, 570 U.S. 254, 263 (2013)). A statute is divisible when it lists alternative "elements," effectively creating separate crimes, as distinct from listing different means of committing a single crime. Descamps, 570 U.S. at 264; see United States v. Linehan, 56 F.4th 693, 700 (9th Cir. 2022) (if a statute lists only "'alternative means of committing the same crime,' it is not divisible" (quoting Almanza-Arenas v.

---

[1] We compare state and federal law on the date of conviction, not on the date of removal proceedings. Mediana-Rodriguez v. Barr, 979 F.3d 738, 749 (9th Cir. 2020). We have not yet decided whether the comparison should be made as of the time of arrest, the time of conviction, or the time of the underlying conduct. Id. at 747 n.5. We need not address that question here because Idaho law criminalized more drugs than federal law at all of those times.

Lynch, 815 F.3d 469, 478 (9th Cir. 2016) (en banc))), cert. denied, No. 23-5076, 2023 WL 6378674 (U.S. Oct. 2, 2023). "'Elements' are the 'constituent parts' of a crime's legal definition—the things the 'prosecution must prove to sustain a conviction.'" Mathis v. United States, 579 U.S. 500, 504 (2016) (quoting Black's Law Dictionary 634 (10th ed. 2014)). If the alternatives are elements, we can review a limited set of documents in the record to find the applicable alternative that was the crime of conviction and then compare that alternative to the generic federal crime. Id. at 517.

Idaho Code section 37-2732 provides in relevant part:

(a) Except as authorized by this chapter, it is unlawful for any person to manufacture or deliver, or possess with intent to manufacture or deliver, a controlled substance.

(1) Any person who violates this subsection with respect to:

(A) A controlled substance classified in schedule I which is a narcotic drug or a controlled substance classified in schedule II, except as provided for in section 37-2732B(a)(3), Idaho Code, is guilty of a felony and upon conviction may be imprisoned for a term of years not to exceed life imprisonment, or fined not more than twenty-five thousand dollars ($25,000), or both;

(B) Any other controlled substance which is a nonnarcotic drug classified in schedule I, or a controlled substance

classified in schedule III, is guilty of a felony and upon conviction may be imprisoned for not more than five (5) years, fined not more than fifteen thousand dollars ($15,000), or both;

(C) A substance classified in schedule IV is guilty of a felony and upon conviction may be imprisoned for not more than three (3) years, fined not more than ten thousand dollars ($10,000), or both;

(D) A substance classified in schedules V and VI is guilty of a misdemeanor and upon conviction may be imprisoned for not more than one (1) year, fined not more than five thousand dollars ($5,000), or both.

Idaho Code § 37-2732(a)(1)(A)-(D). Petitioner argues that under Idaho Code section 37-2732(a)(1)(A)—his crime of conviction—the different drug types are merely means of committing a single crime, so the statute is not divisible by the identity of the controlled substance and the modified categorical approach does not apply. We reject his contention.

As an initial matter, Petitioner argues that we may examine only the subsection under which he was convicted, in isolation, to determine whether statutory alternatives carry different punishments; he notes that all crimes in that subsection, subsection (a)(1)(A), are subject to the same punishment. That focus is too narrow. We can examine all subsections in the same statute to analyze the divisibility question, even when the petitioner stands convicted under

only one subsection. See Lopez-Marroquin v. Garland, 9 F.4th 1067, 1072 (9th Cir. 2021) (examining subsections (b) and (d) of California Vehicle Code section 10851 to determine whether the petitioner's offense was a "means" of committing a single offense of vehicle theft under section 10851(a)).

We begin with the text of the statute. On its face, the statute supports the conclusion that it is divisible by type of drug. "If statutory alternatives carry different punishments, . . . they must be elements." Mathis, 579 U.S. at 518 (citing Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)). Each of the subsections of Idaho Code section 37-2732(a)(1) imposes a different term of imprisonment depending on where the substance falls within the Idaho drug schedules. The identity of the drug, in turn, governs the schedule on which the drug is placed. For example, because Idaho classifies methamphetamine as a Schedule II drug, Idaho Code § 37-2707(d)(3), a conviction for possession with intent to deliver carries a maximum term of imprisonment for life, id. § 37-2732(a)(1)(A). By comparison, buprenorphine—a drug used for recovery from heroin addiction—is listed under Schedule III, id. § 37-2709(e)(2)(i), and thus a conviction for possession with intent to deliver it carries a maximum term of imprisonment of five years, id. § 37-2732(a)(1)(B). The statute is divisible as to the identity of the controlled substance because, just as we held with respect to a similar crime under California law, the Idaho statute "identifies a number of controlled substances by referencing various [Idaho] drug schedules . . . and criminalizes the possession of any one of those substances[,] . . . creat[ing] several different . . . crimes." Coronado v. Holder, 759 F.3d 977, 984–85 (9th Cir. 2014)

(third ellipsis in original) (citations and internal quotation marks omitted).

Decisions of the Idaho Supreme Court support our conclusion that the statute is divisible as to drug type. See Mathis, 579 U.S. at 517–18 (holding that state-court decisions may inform the question of divisibility). In State v. Tucker, 953 P.2d 614 (Idaho 1998), the Idaho Supreme Court held that "the jury had to find that Tucker possessed methamphetamine to convict Tucker of the crime charged." Id. at 617 (emphasis added). And in State v. Blake, 985 P.2d 117 (Idaho 1999), the court held: "To establish Blake's guilt, the State must prove that Blake knowingly possessed methamphetamine and knowingly possessed cocaine." Id. at 122 (emphasis added). Notably, those two substances are covered by the same subsection of the statute. Accordingly, even if we were limited to looking at subsection (a)(1)(A), Petitioner's argument fails.

Idaho's model jury instructions also support the conclusion that the statute is divisible by type of drug. See Romero-Millan v. Garland, 46 F.4th 1032, 1045 (9th Cir. 2022) ("We also consider jury instructions as persuasive authority when analyzing divisibility."). The relevant model instruction states that the government is required to prove that "the defendant . . . possessed any amount of [name of substance]." ICJI 403A – Possession of a Controlled Substance with Intent to Deliver/Manufacture, Idaho Criminal Jury Instructions, https://isc.idaho.gov/main/criminal-jury-instructions (brackets in original). That wording establishes that the government must prove the specific identity of the drug to meet its burden of proof, not merely that the drug is listed on Schedule II.

In short, the statute itself, plus Idaho precedent and model jury instructions, establish that the statute is divisible by drug type.**[2]**  For the foregoing reasons, the identity of the controlled substance is an element of the crimes defined in Idaho Code section 37-2732(a)(1), including in subsection (A).  That statute is therefore divisible as to drug type.

Applying the modified categorical approach, the record of Petitioner's conviction clearly documents that he was convicted of possessing methamphetamine with intent to deliver it.  Methamphetamine is a controlled substance under both federal and Idaho law.  21 U.S.C. § 812, Schedule II (c), Schedule III (a)(3); Idaho Code §§ 37-2701(e), 37-2707(d)(3).  Accordingly, his conviction is a match to the federal counterpart as to drug type under the modified categorical approach.

### B. The Required Mental State Under Federal and State Law is the Same in All Relevant Respects.

Petitioner also argues that the mens rea required by Idaho Code section 37-2732(a) is broader than the mens rea required by its federal counterpart, 21 U.S.C. § 841(a).  Again, we disagree.

The text of Idaho Code section 37-2732(a) is silent as to mens rea.  But the Idaho Supreme Court has held that the

---

[2] Petitioner also argues that the role of the Idaho State Pharmacy Board in classifying substances on the schedules supports his claim of indivisibility because the Idaho legislature fixes the operating conditions for the Pharmacy Board.  Thus, "the specific substances which the Board classifies are not statutory elements, but rather means by which the 'condition' as fixed by the legislature, can be proven."  That argument is foreclosed by Idaho Supreme Court precedent establishing that the identity of a drug is an element of the crime, not a means of committing the crime.  Tucker, 953 P.2d at 617; Blake, 985 P.2d at 122.

crime of possession with intent to deliver defined by that statute requires that "the defendant know the identity of the substance . . . or believe it to be another controlled substance." State v. McKean, 356 P.3d 368, 375 (Idaho 2015) (citations and internal quotation marks omitted). The text of the federal statute, 21 U.S.C. § 841(a), makes it unlawful for any person "knowingly or intentionally" to "possess with intent to . . . distribute . . . a controlled substance." Id. The Supreme Court has clarified that, under the federal statute, possession with intent to deliver requires proof that the defendant either know "the identity of the substance he possessed" or know that he "possessed a substance listed on the schedules, even if he did not know which substance it was." McFadden v. United States, 576 U.S. 186, 192 (2015).

The mens rea, knowledge, is the same under both statutes: The defendant either must know specifically what the substance is (even if the defendant does not know that it is a controlled substance) or must know that the substance is illegal to possess (even if the defendant does not know what the substance is). Petitioner argues that the mens rea does not match because more substances are covered by the Idaho law. He posits that an Idaho defendant could believe that the federally controlled drug he possessed was instead a different drug banned only by the state and, thus, he would not have the mens rea necessary for federal criminal liability.

This argument misses the mark. Petitioner's hypothetical defendant is mistaken about the identity of the substance that he possesses. But despite that incorrect belief, he correctly believes that he possesses a controlled substance under Idaho law. That mental state is sufficient under Idaho law because, "whether he thinks those drugs are methamphetamine or cocaine or heroin" or, instead, butyl

nitrite, "he knows that he is engaged in conduct prohibited by" Idaho law. State v. Stefani, 132 P.3d 455, 461 (Idaho Ct. App. 2005), abrogated on other grounds as stated in State v. Galvan, 326 P.3d 1029, 1033 n.5 (Idaho Ct. App. 2014). The same is true under federal law: Defendants who are mistaken about which controlled substance they possess still know that they possess a controlled substance and, therefore, have the necessary knowledge to be convicted. See McFadden, 576 U.S. at 192. Although United States v. Verduzco-Rangel, 884 F.3d 918 (9th Cir. 2018), decided a slightly different issue than the one that we face here, we correctly observed there that "knowingly possessing for sale a substance controlled only by state law involves an equally culpable state of mind as knowingly possessing for sale a substance controlled by federal law." Id. at 923 n.3. This equivalence of culpability makes the state and federal crimes' mens rea elements equivalent for purposes of the categorical analysis. Accordingly, Petitioner's mens rea argument fails.

C. Idaho's Definition of Aiding and Abetting Coincides with the Generic Federal Definition of Aiding and Abetting.

Third, Petitioner argues that Idaho's definition of aiding and abetting is broader than the federal definition. We are not persuaded.

The acts prohibited under Idaho Code section 37-2732 for the completed crime at issue are no broader than the acts prohibited under federal law. Section 37-2732 criminalizes "manufactur[ing] or deliver[ing], or possess[ing] with intent to manufacture or deliver, a controlled substance." Id. § 37-2732(a). Title 21 U.S.C. § 841(a)(1) criminalizes "manufactur[ing], distribut[ing], or dispens[ing], or

possess[ing] with intent to manufacture, distribute, or dispense, a controlled substance." Petitioner does not quarrel with the equivalence of these provisions on their face but contends that Idaho law punishes, as principals, those who aid and abet a crime through "mere solicitation." Because federal drug-trafficking law does not encompass mere solicitation, he reasons, the Idaho law is overbroad.

A separate Idaho statute integrates accomplice liability into the statute of conviction. See Idaho Code § 18-204 ("All persons concerned in the commission of a crime, . . . whether they directly commit the act constituting the offense or aid and abet in its commission, . . . are principals in any crime so committed." (emphasis added)). Under Alfred, we must consider whether Idaho's definition of aiding and abetting aligns with the federal definition of aiding and abetting. Alfred, 64 F.4th at 1032–33.

The Supreme Court of Idaho has defined aiding and abetting to include the act of solicitation. See Rome v. State, 431 P.3d 242, 253 (Idaho 2018) (holding that a conviction for aiding and abetting requires proof that the defendant "participated in or assisted, encouraged, solicited, or counseled the crime" (citation and internal quotation marks omitted)). The term "solicit" does not appear in the federal definition of aiding and abetting in 18 U.S.C. § 2(a), which states: "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." Nonetheless, the Idaho statute is not overbroad.

First, the Idaho definition of principals requires the commission of a completed crime: "All persons concerned in the commission of a crime, . . . whether they directly commit the act constituting the offense or aid and abet in its

commission, . . . are principals <u>in any crime so committed</u>." Idaho Code § 18-204 (emphases added).  Solicitation in the sense Petitioner uses it is an inchoate offense, which is separately defined under Idaho law.  <u>See</u> <u>id.</u> § 18-2001.  In other words, a defendant who merely solicited an uncompleted crime could not be convicted of the completed Idaho crime of which Petitioner was convicted and which the Government contends is a categorical match to the federal crime.  Because Petitioner was convicted only of the completed crime of possession of methamphetamine with intent to deliver, not of an inchoate solicitation offense, we need not consider whether the inchoate offense also would be a categorical match to the federal crime.

Second, the mere presence of the word "solicit" in the Idaho caselaw about aiding and abetting does not change the analysis.  "Statutory definitions do not have to be identical to establish a categorical match."  <u>Dominguez v. Barr</u>, 975 F.3d 725, 739 (9th Cir. 2020).  Finding a mismatch between a state definition and the generic definition of the crime requires "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime."  <u>Duenas-Alvarez</u>, 549 U.S. at 193.  "The mere presence of an additional descriptive term in the state offense's definition is insufficient, on its own, to meet this burden."  <u>Dominguez</u>, 975 F.3d at 739.

And the Idaho Supreme Court has held that the Idaho aiding and abetting statute "requires that the person <u>actively participate in the commission [of] the crime</u> in some manner and have <u>the specific intent that the crime be committed</u>."  <u>Rome</u>, 431 P.3d at 253 (emphases added).  The aider and abettor must share "the criminal intent of the perpetrator."  <u>Id.</u> (citations and internal quotation marks omitted).

Similarly, "generic accomplice liability requires a showing that the putative accomplice intentionally aided or abetted another in the commission of the crime." Alfred, 64 F.4th at 1042; see also Rosemond v. United States, 572 U.S. 65, 76 (2014) ("[A] person aids and abets a crime when (in addition to taking the requisite act) he intends to facilitate that offense's commission."). Accordingly, both the Idaho definition of accomplice liability and its federal counterpart definitions require (1) criminal intent to commit the crime, and (2) an act intended to facilitate the crime's commission.

Contrary to Petitioner's argument, neither State v. Hickman, 806 P.2d 959 (Idaho Ct. App. 1991), nor State v. Gallatin, 682 P.2d 105 (Idaho Ct. App. 1984), supports his theory. See Hickman, 806 P.2d at 961 (holding that the defendant's presence at the scene of the transaction, paired with his comments about the high quality of the marijuana being sold by his friend, constituted aiding and abetting); Gallatin, 682 P.2d at 109–10 (holding that the defendant's setting up a meeting to sell cocaine, meeting with an undercover agent, and negotiating the price of the cocaine constituted aiding and abetting). Neither case involved mere solicitation. Moreover, both Hickman and Gallatin are decisions of the intermediate appellate court that predate the Idaho Supreme Court's decision in Rome, so they cannot and do not override Rome's requirement of active participation.[3]

---

[3] Petitioner also relies on Howard v. Felton, 379 P.2d 414, 415 (Idaho 1963). Both the procedural history and the facts of Howard differ substantially from those in Petitioner's case, and Howard contains no clear holding in support of Petitioner's argument about mere solicitation. To the extent that Howard is relevant despite those differences, Rome— a much more recent and on-point Idaho Supreme Court precedent— controls.

Finally, Petitioner argues that we must consider the scope of Idaho law on "attempt." We need not and do not do so, because only the completed crime of possession with intent to deliver methamphetamine is at issue here. Nor does the fact that Idaho law defines the term "deliver" to include "attempted transfer" require an analysis of Idaho attempt law. Idaho Code § 37-2701(g). The word "deliver" appears in the mens rea element of the crime of conviction, and possession with intent to deliver is no different from possession with intent to attempt delivery.

D. Conclusion

Under the modified categorical approach, Petitioner's conviction under Idaho Code section 37-2732(a)(1)(A) is an aggravated felony because it matches the relevant federal drug trafficking crime.

**PETITION DENIED.** The temporary stay of removal remains in place until the mandate issues. The motion for stay of removal, Docket No. 3, is otherwise DENIED.