**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

ALEJANDRO VERDUZCO-RANGEL,
*Defendant-Appellant*.

No. 15-50559

D.C. No.
3:15-cr-00129-GPC

OPINION

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted January 8, 2018
Pasadena, California

Filed March 9, 2018

Before: Milan D. Smith, Jr. and Michelle T. Friedland,
Circuit Judges, and Jed S. Rakoff,[*] Senior District Judge.

Opinion by Judge Rakoff

---

[*] The Honorable Jed S. Rakoff, Senior United States District Judge
for the Southern District of New York, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel affirmed a conviction under 8 U.S.C. § 1326 for attempting to reenter the United States after a prior removal, in a case in which the defendant was removed in 2004 under 8 U.S.C. § 1227(a)(2)(A)(iii), a provision of the Immigration and Nationality Act that authorized removal if an alien had committed an "aggravated felony," as defined by 8 U.S.C. § 1101(a)(43)(B).

The aggravated felony on which the Government relied was the defendant's prior conviction of felony possession of methamphetamine in violation of California Health & Safety Code section 11378. Recognizing that section 11378 is divisible as to which substance the defendant was convicted of actually trafficking, and that courts can therefore look to underlying records to determine whether a conviction was for a federally banned substance, the panel noted that the defendant's 2004 indictment and plea agreement establish that he was convicted of trafficking methamphetamine, which is a controlled substance under both California and federal law.

The panel rejected as irrelevant the defendant's argument that his California conviction is not categorically an aggravated felony because section 11378 is broader than federal law as to defendants' beliefs about the kind of substance in which they were trafficking. The panel explained that a section 11378 conviction is an aggravated

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

felony under the first route laid out in *Rendon v. Mukasey*, 520 F.3d 967 (9th Cir. 2008), at least where, as here, the defendant was trafficking a substance that is also controlled by federal law; and that the panel thus need not consider whether the defendant's conviction would also qualify as an aggravated felony under the second route identified in *Rendon*. The panel wrote that because section 11378 has a trafficking element and requires a sufficiently culpable state of mind, section 11378 is a drug trafficking aggravated felony under § 1101(a)(43)(B) where the record of conviction establishes that the substance involved is federally controlled. The panel thus concluded that removal under § 1227(a)(2)(A)(iii) based on such a conviction under section 11378 is not fundamentally unfair.

## COUNSEL

Ellis M. Johnston III (argued), Clarke Johnston Thorp & Rice APPC, San Diego, California, for Defendant-Appellant.

Mark R. Rehe (argued), Assistant United States Attorney; Laura E. Duffy, United States Attorney; Helen H. Hong, Assistant United States Attorney, Chief, Appellate Section, Criminal Division; United States Attorney's Office, San Diego, California; for Plaintiff-Appellee.

## OPINION

RAKOFF, Senior District Court Judge:

Defendant-Appellant Alejandro Verduzco-Rangel, an alien, appeals his conviction under 8 U.S.C. § 1326 for

attempting to reenter the United States after a prior removal. Verduzco was removed in 2004 under 8 U.S.C. § 1227(a)(2)(A)(iii), a provision of the Immigration and Nationality Act ("INA") that authorized removal if an alien had committed an "aggravated felony," as defined by § 1101(a)(43)(B). The aggravated felony on which the Government relied was Verduzco's prior conviction of felony possession for sale of methamphetamine in violation of California Health & Safety Code section 11378. Verduzco now argues that this conviction was not in fact an aggravated felony, rendering his removal invalid and requiring reversal of his recent conviction. For the reasons that follow, we disagree, reaffirm that a conviction under section 11378 is an aggravated felony for purposes of § 1227(a)(2)(A)(iii) where, as here, the record of conviction establishes that the substance involved was federally controlled, and affirm Verduzco's conviction.

We review *de novo* Verduzco's collateral attack on his 2004 removal. *United States v. Aguilera-Rios*, 769 F.3d 626, 629 (9th Cir. 2014). To prevail on this collateral attack, Verduzco must demonstrate that (1) he exhausted all available administrative remedies, (2) his removal proceeding deprived him of an opportunity for judicial review, and (3) the entry of his removal order was "fundamentally unfair." 8 U.S.C. § 1326(d). For purposes of this appeal, the Government concedes the first two prongs, so the only question is whether the removal was fundamentally unfair. A removal order is fundamentally unfair if the relevant immigration laws did not in fact authorize deportation. *See Aguilera-Rios*, 769 F.3d at 630.

The Supreme Court has decreed that courts should initially employ a "categorical approach" to determine whether a state offense is an aggravated felony under the INA. *See Mellouli v. Lynch*, 135 S. Ct. 1980, 1986 (2015).

Under this approach, a defendant's actual conduct is irrelevant; rather, "the adjudicator must 'presume that the conviction rested upon nothing more than the least of the acts criminalized' under the state statute." *Id.* (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013)). Where, however, statutes "contain several different crimes, each described separately"—a situation commonly referred to as "divisibility"—courts may "determine which particular offense the noncitizen was convicted of" by examining a limited set of documents underlying the conviction. *Moncrieffe*, 569 U.S. at 191; *see also Shepard v. United States*, 544 U.S. 13, 26 (2005) (listing permissible documents). The court then must determine whether the defendant's specific conviction can be categorized as an aggravated felony. *Moncrieffe*, 569 U.S. at 191.

The INA defines "aggravated felony" to include a host of offenses, conviction for any one of which subjects certain aliens to removal from the United States. 8 U.S.C. § 1101(a)(43). Among these offenses is the "drug trafficking aggravated felony," which is defined as "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." *Id.* § 1101(a)(43)(B). This definition creates two possible routes for a state drug felony to qualify as a drug trafficking aggravated felony:

> First, under the phrase "illicit trafficking in a controlled substance," a state drug crime is an aggravated felony "if it contains a trafficking element." Second, under the phrase "including a drug trafficking crime (as defined in section 924(c) of Title 18)," a state drug crime is an aggravated felony if it would be punishable as a felony under the federal drug laws.

*Rendon v. Mukasey*, 520 F.3d 967, 974 (9th Cir. 2008) (quoting *Salviejo-Fernandez v. Gonzales*, 455 F.3d 1063, 1066 (9th Cir. 2006)); *see also Lopez v. Gonzales*, 549 U.S. 47, 57 (2006) ("[I]f [a defendant's] state crime actually fell within the general term 'illicit trafficking,' the state felony conviction would count as an 'aggravated felony,' regardless of the existence of a federal felony counterpart . . . .").

California's statute is not a perfect categorical match under either route because, although California's list of controlled substances is nearly identical to those contained in the federal statutes and schedules that the INA references,[1] California law also criminalizes trafficking in a few obscure substances that federal law does not, such as chorionic gonadotropin (a performance enhancing drug also banned in many sports). *See Coronado v. Holder*, 759 F.3d 977, 983 n.1 (9th Cir. 2014). However, section 11378 is divisible as to which substance the defendant was convicted of actually trafficking, *see, e.g.*, *United States v. Vega-Ortiz*, 822 F.3d 1031, 1035 (9th Cir. 2016), so courts can look to underlying records to determine whether a conviction was for a federally banned substance and thus qualifies as an aggravated felony for purposes of federal law. Verduzco's 2004 indictment and plea agreement establish that he was convicted of trafficking methamphetamine, which is a controlled substance under both California and federal law.

---

[1] 21 U.S.C. § 802 defines "controlled substance" as "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter." *Id.* § 802(6). 18 U.S.C. § 924 defines a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." *Id.* § 924(c)(2).

Verduzco nonetheless argues that his California conviction is not categorically an aggravated felony because section 11378 remains broader than federal law as to defendants' beliefs about the kind of substance in which they were trafficking. Under federal law, a person actually selling cocaine who thought he was selling baking soda does not possess the required mens rea to be guilty of drug trafficking. *See McFadden v. United States*, 135 S. Ct. 2298, 2304 (2015). Under section 11378, defendants can be found guilty even if they were mistaken about what specific substance was being trafficked, as long as the substance in which they intended to traffic is in fact controlled under California law. *See People v. Romero*, 64 Cal. Rptr. 2d 16, 23 (Ct. App. 1997) (affirming conviction of defendant who sold cocaine that he thought was marijuana). This means that a person who believed she was trafficking in chorionic gonadotropin but was in fact trafficking in methamphetamine would violate California law but not federal law. Verduzco argues that section 11378 is thus not categorically a drug trafficking crime under the second route laid out in *Rendon*.

Rather than contesting this point, the Government argues that it is irrelevant because a conviction under section 11378 is an aggravated felony under the first route, at least where, as here, the defendant was trafficking a substance (methamphetamine) that is also controlled by federal law. We agree, and thus need not consider whether Verduzco's conviction would also qualify as an aggravated felony under the second route identified in *Rendon*.  Indeed, *Rendon* itself held that "possession of a controlled substance with the intent to sell" under Kansas law "contains a trafficking element and is an aggravated felony on that basis." 520 F.3d at 976 & n.7.

Verduzco counters that (1) *Rendon* did not address what state of mind federal law requires a state statute to have for

a conviction under that statute to be an aggravated felony under the first route,[2] and (2) that the phrase "illicit trafficking" in § 1101(a)(43)(B) incorporates the federal law's scienter requirement that the substance in which the defendant intends to traffic be a substance controlled by federal law. But there is no good reason to suppose that, when Congress defined "aggravated felony" in the INA to include "illicit trafficking in a controlled substance," it meant to implicitly incorporate such a requirement. Indeed, the plain meaning of the statutory language is to the contrary. If the first route were to require (1) a trafficking element, (2) the actual involvement of a drug that is banned federally, and (3) that federal law control the substance in which the defendant intended to traffic, then it would cover only drug trafficking crimes punishable as felonies under federal law—exactly what the second route already encompasses. In addition to rendering the statute redundant, Verduzco's proposed reading ignores the word "including," which suggests that what follows is a subset of what preceded, and not that the two are coextensive. *See Herb's Welding, Inc. v. Gray*, 470 U.S. 414, 423 n.9 (1985).

Under *Rendon*'s first route, we need not consider whether a state drug crime would also be punishable under federal law. *See* 520 F.3d at 974. Rather, it is sufficient that the state statute contains an "illicit trafficking" element, which section 11378 clearly does. *See id.* at 976 & n.7. To the extent "illicit trafficking" in route one incorporates a mens rea requirement, section 11378 suffices because it

---

[2] As a general matter, all federal criminal statutes are presumed to incorporate a requirement that the defendant act with a culpable state of mind unless the statute expressly indicates otherwise. *See Morissette v. United States*, 342 U.S. 246, 250 (1952); *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72 (1994).

requires that the defendant intend to possess for sale a controlled substance and actually possess for sale a controlled substance, and that both the intended substance and the actual substance be controlled. This is, in fact, the same mens rea required under federal law. *See McFadden*, 135 S. Ct. at 2304. That Congress would impose consistent deportation consequences for those who engage in equally culpable activity is hardly surprising and is consistent with a generic understanding of "drug trafficking."[3]

Because section 11378 has a trafficking element and requires a sufficiently culpable state of mind, section 11378 is a drug trafficking aggravated felony under § 1101(a)(43)(B) where the record of conviction establishes that the substance involved is federally controlled. Thus, removal under § 1227(a)(2)(A)(iii) based on such a conviction under section 11378 is not fundamentally unfair. Verduzco's conviction is therefore **AFFIRMED**.

---

[3] Our recent decision in *United States v. Valdivia-Flores*, 876 F.3d 1201 (9th Cir. 2017), is not to the contrary. There, we held that Washington State's possession with intent to distribute statute was not a drug trafficking aggravated felony. The Washington statute criminalized more conduct than its federal analogs because one could be convicted under Washington law as an aider and abettor by either knowingly or intentionally assisting a principal, whereas federal law only criminalized intentionally assisting a principal. *Id.* at 1207-08. *Intentionally* abetting the commission of a crime involves a more culpable state of mind than *knowingly* doing so, and it is unlikely that Congress intended the generic "drug trafficking" listed in the INA to reach the less culpable conduct that the Washington statute criminalized. Here, by comparison, knowingly possessing for sale a substance controlled only by state law involves an equally culpable state of mind as knowingly possessing for sale a substance controlled by federal law.