
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-50152 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00388-FMO-1 |
| v. | |
| OSCAR CAMACHO-VASQUEZ, AKA Oscar Goana Camacho, AKA Oscar Camacho Goana, AKA Eriberto Acevedo Reyes, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted July 12, 2018**
Pasadena, California

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: IKUTA and N.R. SMITH, Circuit Judges, and MCNAMEE,*** District Judge.

Oscar Camacho-Vasquez appeals the district court's denial of his motion to dismiss the indictment charging him with unlawfully reentering the United States following deportation in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291.

The district court did not err in denying Camacho-Vasquez's motion because he is unable to demonstrate that "the entry of the [deportation] order was fundamentally unfair." 8 U.S.C. § 1326(d)(3). The relevant immigration laws authorized Camacho-Vasquez's deportation because Camacho-Vasquez had been convicted of an aggravated felony: possession for sale of methamphetamine in violation of section 11378 of the California Health & Safety Code. *United States v. Verduzco-Rangel*, 884 F.3d 918, 920 (9th Cir. 2018). We have previously held that Section 11378 is a divisible statute, *see United States v. Ocampo-Estrada*, 873 F.3d 661, 668 (9th Cir. 2017), and therefore we may apply the modified categorical approach and consider the felony complaint, the trial court's abstract of judgment, and the trial court's minute order from Camacho-Vasquez's state conviction, s*ee Shepard v. United States*, 544 U.S. 13, 26 (2005). Count 1 of the felony complaint

*** The Honorable Stephen M. McNamee, Senior United States District Judge for the District of Arizona, sitting by designation.

charged Camacho-Vasquez with possessing methamphetamine; the minute order indicates that Camacho-Vasquez was sentenced "1 year 4 months" imprisonment for "Count(s) 001," identified as "11378 HS-F C;" and the abstract of judgment indicates that Camacho-Vasquez was convicted for Count 1, identified as "HS 11378P," described as "possession of co," and sentenced to one year, four months' imprisonment. The link between Count 1 of the felony complaint, and the minute order and abstract of judgment is "clear and convincing," *Medina-Lara v. Holder*, 771 F.3d 1106, 1113 (9th Cir. 2014), and the records establish that Camacho-Vasquez was convicted of possession for sale of methamphetamine, which "qualifies as an aggravated felony for purposes of federal law," *Verduzco-Rangel*, 884 F.3d at 922.

**AFFIRMED.**