**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR RODRIGUEZ PICAZO, | No. 22-1964 |
| Petitioner, | Agency No. A073-889-287 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 15, 2023[**]
Pasadena, California

Before: SCHROEDER, FRIEDLAND, and MILLER, Circuit Judges

Oscar Rodriguez Picazo, a native and citizen of Mexico, petitions for review

of a decision of the Board of Immigration Appeals affirming an immigration

judge's denial of his applications for withholding of removal and protection under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the Board's legal determinations de novo. *Vitug v. Holder*, 723 F.3d 1056, 1062 (9th Cir. 2013). We review factual findings for substantial evidence. *See id.*

1. Picazo argues that his conviction under California Health & Safety Code section 11378, which criminalizes possessing a controlled substance for sale, was not a conviction for an aggravated felony. Before the immigration judge and through counsel, however, Picazo conceded that he was convicted under that section for possessing methamphetamine for sale. He further conceded that the conviction was one for committing an aggravated felony and that he was therefore removable. *See* 8 U.S.C. § 1227(a)(2)(A)(iii).

Although Picazo now takes a different view, "[w]e have held that concessions in removal proceedings are binding except in 'egregious circumstances.'" *Menendez v. Whitaker*, 908 F.3d 467, 474 (9th Cir. 2018) (quoting *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 831 (9th Cir. 2011)). In his briefing before this court, Picazo makes a passing reference to ineffective assistance of counsel. But Picazo did not argue ineffectiveness before the Board, and the Government has preserved its argument that Picazo failed to exhaust the ineffectiveness argument. *See Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1116

(2023). We therefore do not consider the argument now. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023); 8 U.S.C. § 1252(d)(1).

Picazo would also be relieved of the concession that he committed an aggravated felony if he "offer[ed] evidence proving that 'the factual admissions and concession of [removability] were untrue or incorrect.'" *Santiago-Rodriguez*, 657 F.3d at 832 (quoting *Matter of Velasquez*, 19 I. & N. Dec. 377, 383 (B.I.A. 1986)). But Picazo does not contend that the Board ultimately got it wrong in concluding that he committed an aggravated felony. *See United States v. Verduzco-Rangel*, 884 F.3d 918, 923 (9th Cir. 2018) (holding that a conviction under section 11378 is a "drug trafficking aggravated felony" when methamphetamine is the substance involved). Picazo mainly argues that the Board was barred from reaching the conclusion it did without considering judicially noticeable documents from the record of conviction. That argument fails to show that his concessions before the immigration judge were incorrect or untrue.

2. Picazo also argues that the Board erred in concluding that his conviction under California Health & Safety Code section 11378 for possessing methamphetamine for sale was a "particularly serious crime," which made him ineligible for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B)(ii). We review the Board's determination solely for whether "the agency relied on the appropriate factors and proper evidence to reach [its] conclusion." *Flores-Vega v. Barr*, 932

F.3d 878, 884 (9th Cir. 2019) (alteration in original) (quoting *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015)).

The Board conducted a proper analysis. The Board relied on *Matter of Y-L-*, 23 I. & N. Dec. 270 (A.G. 2002), under which a drug trafficking offense is presumptively particularly serious unless the alien can establish "*all* of" six mitigating circumstances. *Id.* at 276–77 (emphasis in original). The *Matter of Y-L-* test represents a lawful exercise of the agency's discretion. *Miguel-Miguel v. Gonzales*, 500 F.3d 941, 948–49 (9th Cir. 2007). And the Board appropriately applied the test. For instance, Picazo argued that his involvement in any drug tracking offense was "peripheral." But, as the Board observed, Picazo did not support that claim with record evidence, and Picazo indeed testified that he had possessed methamphetamine with the purpose of selling.

3. Finally, Picazo challenges the agency's denial of his application for CAT relief. To be entitled to such relief, Picazo must "establish that 'it is more likely than not that he . . . would be tortured if removed to the proposed country of removal.'" *Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011) (quoting 8 C.F.R. § 208.16(c)(2)).

Picazo offers evidence of gang violence in Mexico, but "generalized evidence of violence and crime in Mexico" does not suffice to establish eligibility under the CAT. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per

curiam). Although gangs have killed relatives of Picazo in Mexico, Picazo has not himself faced threats when visiting the country, and he also testified that his cousins were killed as part of "random" violence. A reasonable adjudicator would not be compelled to conclude that Picazo himself is more likely than not to face torture in Mexico.

The temporary stay of removal will remain in place until issuance of the mandate, and the motion to stay removal (Dkt. No. 2) is otherwise denied.

**PETITION DENIED.**