**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>
MARIA DEL SOCORRO DELGADO-
RODRIGUEZ,<br><br>
        Petitioner,<br><br>
v.<br><br>
MERRICK B. GARLAND, Attorney
General,<br><br>
        Respondent.
</td>
<td>
No.   15-70657<br><br>
Agency No. A034-571-974<br><br>
MEMORANDUM*
</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 14, 2023**
Pasadena, California

Before: RAWLINSON, HURWITZ, and OWENS, Circuit Judges.

Maria Del Socorro Delgado-Rodriguez (Delgado), a native and citizen of

Mexico, petitions for review of a decision from the Board of Immigration Appeals

(BIA) dismissing her appeal of a removal order. Delgado contends that her

---

        *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

convictions under California Health & Safety Code §§ 11378 and 11379(a) cannot serve as bases for removal because the statutes do not contain a drug trafficking element, and thus do not constitute aggravated felonies. We review *de novo* "whether a state statutory crime qualifies as an aggravated felony." *Jauregui-Cardenas v. Barr*, 946 F.3d 1116, 1118 (9th Cir. 2020) (citations omitted). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. The BIA did not err when determining that § 11378 is an aggravated felony. We have consistently held that § 11378 contains "an illicit trafficking element." *United States v. Verduzco-Rangel*, 884 F.3d 918, 923 (9th Cir. 2018) (citation and internal quotation marks omitted). And, contrary to Delgado's contention, the record of conviction conclusively demonstrates that the conviction involved methamphetamine, a federally controlled substance. *See* 21 U.S.C. § 812(c), scheds. II(c), III(a)(3).

The minute order from the state court proceeding reflects that Delgado pled *nolo contendere* to violating § 11378 as charged in Count 2 of the felony complaint, which alleged that Delgado unlawfully possessed methamphetamine "for purpose of sale." *See United States v. Torre-Jimenez*, 771 F.3d 1163, 1168 (9th Cir. 2014) ("Where the minute order . . . specifies that a defendant pleaded guilty to a particular count of a criminal complaint, the court may consider the

2

facts alleged in the complaint. . . .") (citations omitted). Thus, Delgado's removal was correctly premised on her conviction under § 11378.

**2.** Delgado's arguments relating to her conviction under § 11379(a) do not support a remand because the BIA held that Delgado's conviction under that statute did not constitute an aggravated felony. *See Vukmirovic v. Ashcroft*, 362 F.3d 1247, 1251 (9th Cir. 2004) (explaining that remand is appropriate only when the denial of relief was based on an error of law).

**PETITION DENIED.**