**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 10 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| A.E.H.,<br><br>          Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>          Respondent. | No. 23-397<br><br>Agency No.<br>A207-237-160<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 8, 2024**
Pasadena, California

Before: SILER***, GOULD, and BEA, Circuit Judges.

A.E.H., a native and citizen of Mexico, petitions for review of an immigration

judge's (IJ) order that affirmed an asylum officer's (AO) adverse reasonable fear

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Eugene E. Siler, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

determination. The AO's reasonable fear determination was made following the Department of Homeland Security's (DHS) issuance of a Final Administrative Removal Order (FARO) based on Petitioner's removability as an alien convicted of an aggravated felony (possession of methamphetamine for sale). The parties are familiar with the facts, so we do not recount them here.

Under the so-called "criminal alien bar," *see Kucana v. Holder*, 558 U.S. 233, 246 (2010), we lack jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed" an aggravated felony, 8 U.S.C. § 1252(a)(2)(C), but we retain jurisdiction to review "constitutional claims or questions of law raised upon a petition for review," 8 U.S.C. § 1252(a)(2)(D); *see also Tapia Coria v. Garland*, No. 22-970, slip op. at 32 (9th Cir. Mar. 19, 2024). We review questions of law *de novo*. *See Hoque v. Ashcroft*, 367 F.3d 1190, 1195 (9th Cir. 2004). We deny the petition.[1]

We conclude that Petitioner is removable based on a conviction covered by § 1252(a)(2)(C). Petitioner was convicted of possession for sale of methamphetamine in violation of California Health and Safety Code § 11378. DHS's FARO charged him as removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) because he was convicted for an aggravated felony as defined in 8 U.S.C.

---

[1] We deny Petitioner's motion for a stay of removal and supplemental motion for a stay of removal (Docket Entry Nos. 3, 8).

§ 1101(a)(43)(B). *See United States v. Verduzco-Rangel*, 884 F.3d 918, 923 (9th Cir. 2018) (holding violation of California Health and Safety Code § 11378 is "aggravated felony" under 8 U.S.C. § 1101(a)(43)(b) if the substance involved is methamphetamine). Petitioner failed to challenge DHS's determination that he is removable as an aggravated felon before the AO or IJ, and the government properly raised his failure to exhaust his administrative remedies. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 416–19 (2023); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). Thus, "it is undisputed that [Petitioner's] conviction . . . triggers § 1252(a)(2)(C)." *See Tapia Coria*, slip op. at 8.

Because Petitioner is removable as an aggravated felon, the criminal alien bar of § 1252(a)(2)(C) strips us of jurisdiction over the IJ's denial of asylum and withholding of removal relief unless an exception applies. *See Tapia Coria*, slip op. at 17 n.3. Here, an exception to the criminal alien bar applies. Petitioner argues that his statements to the AO that he "cooperat[ed] with U.S. law enforcement officials against drug operations of cartel members in Mexico and their associates . . . make[] him a member of a particular social group with a well-founded future fear of being persecuted on account of it." "Whether a group constitutes a particular social group is a question of law." *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014) (internal quotation marks omitted). Petitioner thereby raises a question of law: "given th[e]se facts, is there a particular social group?" *See Conde Quevedo v. Barr*,

3

947 F.3d 1238, 1242 (9th Cir. 2020) (internal quotation marks omitted).  We

therefore have jurisdiction to review this question of law.  *See* 8 U.S.C.

§ 1252(a)(2)(D).

To establish membership in a particular social group, an alien must "establish

that the group is (1) composed of members who share a common immutable

characteristic, (2) defined with particularity, and (3) socially distinct within the

society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 251–52 (BIA 2014).

"To have the 'social distinction' necessary to establish a particular social group,

there must be evidence showing that society in general perceives, considers, or

recognizes persons sharing the particular characteristic to be a group." *Matter of

W-G-R-*, 26 I. & N. Dec. 208, 217 (BIA 2014).

The IJ properly concluded that there was "no reasonable possibility

[Petitioner] would be able to establish the social distinction prong required to

establish membership in a particular social group."  As the IJ correctly noted,

"individuals [who] testify in open court against a gang or cartel may constitute a

particular social group."  Here, the IJ referenced our decision in *Henriquez-Rivas v.

Holder*, 707 F.3d 1081, 1092 (9th Cir. 2013) (en banc), on which Petitioner

improperly relies.  In *Henriquez-Rivas*, we held a proposed particular social group,

"people who testify against gang members in criminal proceedings," could be

sufficiently particular and socially distinct to constitute a cognizable particular social

4

group.  *Id.*  Unlike the facts of *Henriquez-Rivas*, in Petitioner's reasonable fear interview, he confirmed that he did not testify against his former associate in criminal proceedings.  Petitioner therefore misstates the holding of *Henriquez-Rivas* when he maintains that "this Court held en banc in *Henriquez-Rivas* that a person who cooperates with law enforcement officials can satisfy all of the prerequisites for establishing membership in a particular social group."

Petitioner identifies no legal or constitutional error in the IJ's conclusion that informants who cooperate privately with U.S. law enforcement are not a group that Mexican society perceives, considers, or recognizes as composed of persons sharing a particular characteristic.  *See Matter of W-G-R-*, 26 I. & N. at 217; *see also Matter of H-L-S-A-*, 28 I. & N. Dec. 228, 237 (BIA 2021) ("[C]ooperation with law enforcement may satisfy the requirement[] of . . . social distinction and establish a valid particular social group . . . if the cooperation is *public in nature*, particularly where testimony was given in public court proceedings, and the evidence in the record reflects that *the society in question* recognizes and provides protection for such cooperation.") (emphasis added).  Petitioner argues that his statements to the AO at his reasonable fear interview "at least strongly suggested that [his former associate] perceived [him] to be cooperating with law enforcement agencies," but whether his former associate so perceived this has no bearing on whether Mexican society would perceive, consider, or recognize Petitioner to be a member of a

5

socially distinct group. Hence, Petitioner's argument that the IJ legally erred because it impermissibly speculated and conjectured that Petitioner's former associate "could not have [learned that he cooperated with the Drug Enforcement Agency (DEA)] because the DEA presumably wished to protect that confidential information" is legally irrelevant.

**PETITION DENIED.**